ANTHONY SASKEL, RECEIVER OF HOBOKEN LOAN ASSO-
CIATION, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, PLAINTIFF-APPELLANT, v. ELI RUBIN,
DEFENDANT-RESPONDENT.

Argued May 7, 1940—Decided May 25, 1940.

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiff-appellant, *Nathan Baker.*

For the defendant-respondent, *Samuel J. Davidson.*

The opinion of the court was delivered by

PORTER, J.   The suit which gives rise to this appeal was to recover the amount due on a promissory note from the maker and endorser thereof.

The case was submitted to the court on an agreed state of facts.   The note was to secure the payment of $200, was dated May 4th, 1931, payable to Hoboken Loan Association, Inc., of which plaintiff-appellant is receiver by appointment of the Court of Chancery.   It was made by Eli Rubin, defendant-respondent, and endorsed by his father, Ike Rubin, defendant. Various payments were made on the note reducing the amount due to $174 and accrued interest.   None of the payments were made by the defendant-respondent but all were made by his father, the last one under date of July 6th, 1933.   The record before us does not indicate what, if any, judgment was rendered as to the defendant Ike Rubin.   However, the stipulation of counsel on this appeal is "that the sole legal question before the District Court is whether or not the payments by said Ike Rubin within six years from the date of institution of this action, is sufficient to bar the defense of the statute of limitations as to the maker, the defendant Eli Rubin, who has made no payments for over six years before the institution of the present suit."

The District Court judge entered judgment for the defendant-respondent from which this appeal is taken.

The note on its face was in the usual form.   On the back of the note, however, over the signature of the endorser was some printed matter, the pertinent part for present purposes, was as follows:   "In consideration of the making, at the request of the undersigned, of the loan evidenced by this note,

the undersigned agree that the holder hereof may, at his option hold any, either or all of them liable, as the primary parties or party of the within note; and further, that the remedy of the holder, is not conditional or contingent upon the pursuit by such holder of whatever remedies he may have against the maker of the within note."

It is the contention of the plaintiff-appellant that this was not the usual accommodation endorsement but rather by reason of the form of the endorsement wherein the endorser obligated himself to be liable as a primary party that it became a joint obligation of both maker and endorser so that the payment by one was binding on the other and prevented the running of the statute of limitations. *N. J. S. A.* 2 :24-1.

We do not think that the effect of this form of endorsement made it a joint obligation. True it was a primary obligation of both the maker and the endorser to the payee but each contract or obligation was separate from the other. The terms of the maker's obligation are contained entirely over his signature on the face of the note. The endorsement is not his nor did he participate in it and while he doubtless received credit or accommodation by reason of it he was not bound in any way by it. It did not enlarge or affect in any way his obligation.

To have become liable on the endorsement he must have been a participant therein. *Cf. Mesce Loan Co.* v. *Marinaro,* 117 *N. J. L.* 86; *Mason* v. *Kilcourse,* 71 *Id.* 472; *Smith* v. *Dowden,* 92 *Id.* 317.

The defendant-respondent's defense of the statute of limitations was sufficient in law as a bar to recovery against him.

The judgment is affirmed, with costs.