IN THE MATTER OF JAMES A. SHULER, S. S. NO. 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, CLAIMANT-EMPLOYEE, ROBERT T. MEDFORD, S. S. NO. 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, CLAIMANT-EMPLOYEE AND DAYCO SOUTHERN DIVISION OF DAYCO CORPORATION (FORMERLY THE DAYTON RUBBER COMPANY), WAYNESVILLE, NORTH CAROLINA, AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA, RALEIGH, NORTH CAROLINA.

(Filed 1 November, 1961.)

**Master And Servant § 105—**

 Benefits received by a laid-off employee from a trust fund set up pursuant to a collective bargaining agreement should not be deducted from unemployment insurance benefits due such employee under the Employment Security Act. G.S. 96-8.

APPEAL by James A. Shuler and Robert T. Medford, claimants-employees, and Dayco Southern Division of Dayco Corporation (formerly The Dayton Rubber Company) Waynesville, North Carolina, employer, from *Froneberger, J.,* May, 1961, Civil Term, HAYWOOD Superior Court.

The above claimants Shuler and Medford applied to the Employment Security Commission (ESC) of North Carolina for unemployment insurance benefits by reason of their temporary lay-off by the Dayco Corporation at its Waynesville, North Carolina, plant. For the week ending June 26, 1960, Shuler received $13.63 and Medford $16.46 from the trustee of a supplemental unemployment benefit fund (SUB) set up by the employer according to the terms of its contract with Local Union No. 277, United Rubber, Cork, Linoleum and Plastic Workers of America, the workers' bargaining agent, of which both claimants were members. The Commission treated these payments as wages and reduced unemployment insurance benefits accordingly. The claimants protested the deduction. They followed procedural steps leading to a formal hearing before the Commission. After hearing, the Commission held the SUB payments to Shuler and Medford were deductible from the State unemployment insurance benefits. Both claimants and their employer appealed to the Superior Court of Haywood County. The superior court entered judgment sustaining the commission's order. The claimants and Dayco Southern appealed.

*W. D. Holoman, R. B. Billings, D. G. Ball, for Employment Security Commission, appellee.*

*William Medford, James V. Barbuto, for claimants, and Dayco Southern Division of Dayco Corporation, appellants.*

*Leonard Lesser, Feller, Bredhoff & Anker, for Industrial Union Department AFL-CIO, Amicus Curiae.*

*Joyner, Howison & Mitchell, Harry Flynn, for Aluminum Company of America, Amicus Curiae.*

*Womble, Carlyle, Sandridge & Rice, for Ford Motor Company, Amicus Curiae.*

HIGGINS, J. The appellants assign as error the judgment of the superior court that supplemental employment benefits from the trust fund set up by their employer are deductible (as wages) from the State unemployment insurance benefits due laid-off employees under Chapter 96, General Statutes of North Carolina.

As a basis for enacting Chapter 96, the North Carolina General Assembly declared: "Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this State ... The achievement of social security requires protection against this greatest hazard of our economic life. This can be provided by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment to provide benefits for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor

relief assistance. The legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." For a full discussion of Chapter 96, General Statutes, see *In re Tyson*, 253 N.C. 662, 117 S.E. 2d 854.

Qualification for benefits under the employment security law are provided in G.S. 96-8(11): "An individual shall be deemed 'totally unemployed' in any week with respect to which no wages are payable to him and during which he performs no services." G.S. 96-8(13): "From and after March 10, 1941, 'wages' means all remuneration for services from whatever source." A laid-off employee is therefore entitled to the insurance benefits under the State law if he is totally unemployed; that is, if he does not work, and is not paid and not due pay for services.

Under the wage and service test fixed by G.S. 96-8, do the payments to its laid-off employees under the Employer's Supplemental Unemployment Benefit plan (SUB) constitute wages? The plan is a contract between the employer and Local Union No. 277, the workers' bargaining agent, of which the claimants are members. The employer has set up a trust fund according to a fixed formula for the benefit of its laid-off employees. "It is the purpose of the plan to supplement State system unemployment benefits to the levels herein provided and not to replace or duplicate them. . . . Neither the company's contributions nor any benefit paid under the plan shall be considered a part of any employee's wages for any purpose. No person who receives any benefit shall for that reason be deemed an employee of the company. . . . In order to qualify for SUB payments a laid-off employee must be certified to the trustee as unemployed by the State unemployment insurance agency."

The question is presented here for the first time. The Supreme Court of Ohio is the only court of last resort which has passed on the question, though most of the states have agencies comparable to our ESC and many industries have SUB plans similar to Dayco's contract with the Local Union No. 277. In the Ohio case, (*Steel Workers v. Doyle*, 168 O.S. 324, 154 N.E. 2d 623), the state administrative agencies deducted the SUB payments from unemployment benefits. On appeal to the Court of Common Pleas of Mahoning County the administrative decision was reversed. The Court of Appeals affirmed. The Supreme Court of Ohio reversed the judgment, holding SUB payments are remuneration for personal services for that the worker during the lay-off period retained (1) his status as an available employee,

(2) his seniority, pension, and severance pay rights, (3) was required to report to the employer and to register for State compensation. However, the court's argument in the majority opinion, based on *Cross v. Steel Workers*, 174 Fed. 2d 875, and *Nierotko v. Social Security Board*, 327 U.S. 358, seems to have been fully answered in the dissenting opinion of *Judge Taft* in which *Judge Zimmerman* concurred. The *Cross* case dealt with the question whether a health and accident insurance plan was sufficiently related to "wages" to form a proper subject for collective bargaining, and the *Nierotko* case dealt with back pay. Following the *Doyle* decision, the General Assembly of the State of Ohio, 1959, Vol. 128, Session Laws, amended its law, directing the Bureau of Unemployment Compensation to recognize SUB payments as valid and not deductible from unemployment insurance benefits.

In another court decision rendered by the Superior Court of Los Angeles County, California, the SUB payments were held deductible. The California legislature promptly amended the law, disallowing the deduction. The State of Maine, by an unreviewed administrative decision, required deduction of SUB benefits. Virginia, by Act of Assembly, specifically requires the deduction.

The North Carolina administrative decision and the affirming superior court judgment now under review hold the deduction valid. Administrative decisions in the other states pay full insurance benefits and do not deduct the SUB benefits.

The contract between Dayco and Local Union No. 277 under which SUB payments are authorized, specifically provides: "Neither the company's contribution nor any benefit under the plan shall be considered a part of any employee's wages for any purpose." Another condition of SUB payments is that State law must permit "supplementation" which is defined as "recognition of the right of a person to receive both a state system unemployment benefit and a weekly supplement benefit under the plan for the same week of lay-off . . . and without reduction of the state system unemployment benefit." Of course, the agreement of the parties as to their rights is persuasive but not necessarily binding on the Commission.

Supplementation of unemployment insurance benefits is designed to assist those employees who, on account of a lay-off due to no fault of their own, are out of work. It is a method by which the employer, as suggested in G.S. 96, recognizes its public duty. The employer and the laid-off employee keep their connections each with the other. The relationship thus continued is likely to lead the employee to return to his job if and when it is available. Can it be said, therefore, that Dayco, by setting up the trust, and Shuler and Medford, by participating in it as laid-off employees, to the extent of their participation,

received pay for work during the week beginning June 26, 1960? The reasons advanced and the cases cited in the Commission's excellent brief do not justify an affirmative answer.

Hence we conclude the Superior Court of Haywood County, and consequently the Employment Security Commission, erroneously deducted SUB payments from the unemployment insurance benefits due Shuler and Medford. The judgment of the superior court is set aside. The superior court will remand the case to the Employment Security Commission of North Carolina for disposition in accordance with this opinion.

Reversed.