513 A.2d 1135

Kenneth Hargenrader, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 26, 1986, to President Judge CRUMLISH, JR., and Senior Judges ROGERS and KALISH, sitting as a panel of three.

*James Bukac,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE ROGERS, August 13, 1986:
Kenneth Hargenrader (claimant) appeals a decision of the Pennsylvania Unemployment Compensation

Board of Review (Board) affirming a referee's determination that the claimant was financially ineligible to receive extended unemployment compensation benefits because he had insufficient base year wages. Pennsylvania Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §813(i). The issue of the case is provided by the Board's determination that the Supplemental Unemployment benefits received by the claimant from U.S. Steel, an employer, did not constitute wages within the meaning of Section 4(x) of the Law, 43 P.S. §753(x), and should not, therefore, be included in the total of the claimant's base year wages for the purpose of determining his eligibility. The claimant says the Supplemental Unemployment benefits should have been counted as wages and if they are not his constitutional rights are violated.

The claimant had been employed by U.S. Steel and Judith Messer. The record does not tell us whether these were successive or concurrent employers. He became eligible for unemployment compensation and received benefits pursuant to an application filed with the Office of Employment Security (OES) on April 3, 1983. This application established the claimant's base year period for wages as January 1, 1982 through December 31, 1982. During this time the claimant received, in addition to pay for working, the sum of $214.20 in benefits from a trust called a Supplemental Unemployment Benefit Plan established by U.S. Steel pursuant to a provision of the collective bargaining agreement between it and its organized employees. The Supplemental Unemployment Benefit Plan paid benefits to workers during layoffs and during weeks in which they worked fewer than 32 hours.

After exhausting his regular unemployment compensation benefits, the claimant filed an application

with the Office of Employment Security (OES) for extended benefits effective October 9, 1983. The OES issued a determination finding the claimant financially ineligible. It refused to include as wages the $214.20 in Supplemental Unemployment benefits.[1]

A referee and the Board upheld the OES decision.

Extended unemployment benefits were authorized by Article IV-A, consisting of Sections 401-A through 407-A, added to the Law by the Act of February 9, 1971, P.L. 1, *as amended*, 43 P.S. §§811-818. Section 403-A(i), 43 P.S. §813(i), reads:

> [A]n individual shall not be eligible for extended benefits unless, in the base year with respect to which the individual exhausted all rights to regular benefits under the State law, the individual had wages equal to at least one and one-half (1 1/2) times the individual's highest quarterly wage.

The word "wages" is defined by Section 4(x) of the Law, 43 P.S. §753(x) as "all remuneration . . . paid by an employer to an individual with respect to his employment." Subsections 4(x)(2)(i)(ii) and (iii) and (iv) provide that wages shall not include payments of benefits on account, respectively, of retirement, of sickness and accident disability, of medical and hospital expenses or of death.

The word "unemployed," the basic condition for eligibility for unemployment compensation, is defined at Section 4(u) of the Law, 43 P.S. §4(u), as existing "(I)

---

[1] The claimant also contends that due to a clerical error $73.27 of his pay by Judith Messer was not included in the OES' calculation of his wages. The Board concedes that the claimant is entitled to have this amount included in his base year earnings, but observes that the addition of $73.27 would not result in the claimant's eligibility without the inclusion of the supplemental unemployment compensation benefits.

with respect to any week (i) during which [an individual] performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him."

In *Pendleton Unemployment Compensation Case,* 167 Pa. Superior Ct. 256, 75 A.2d 3 (1950), the court was presented the question of whether the receipt by former employees of pension payments from a union health and welfare fund should or should not render the employees ineligible for unemployment compensation. Although the court remanded the records for further proceedings, it first held that the pension payments when received by the employee were not wages under Section 4(x) and that the payments by the employer into the pension funds were not payments of wages under then Subsection 4(x)(2)(A), now Subsection 4(x)(2)(i). The Superior Court also held that the payments were not "remuneration" within Section 4(u) because the pensioner performs no services during the period.

The late Justice HERBERT B. COHEN, while the Attorney General of Pennsylvania, twice rendered formal opinions concerning the effect of the payment or receipt of supplemental unemployment compensation upon obligations and rights under the Pennsylvania Unemployment Compensation Law. In the first, rendered January 26, 1956, and reported as *Guaranteed Annual Wage,* 5 D. & C. 2d 627 (1956) the question presented was that of whether an individual receiving supplemental unemployment benefits under the terms of a plan like the one under scrutiny in this case might also receive benefits under the Pennsylvania Unemployment Compensation Law. The Attorney General advised that he may, because such an individual met the basic qualifications of being unemployed as defined in Section 4(u) in that he performs no services and he receives no remuneration, citing *Pendleton.*

In the second formal opinion, rendered November 30, 1956, reported as *Supplemental Unemployment Benefit Plan Payments,* 10 D. & C. 2d 372 (1956), Attorney General Cohen was asked to advise whether payments made by employers pursuant to the terms of a supplemental unemployment compensation plan are subject to the contribution provisions of the Pennsylvania Unemployment Compensation Law. Based on *Pendleton* and his earlier formal opinion he again concluded that payments of supplemental unemployment compensation made to employees were not wages under Section 4(x) and the payments made by the employers to the funds were not remuneration under Section 4(u).

While the instant case presents a new facet —whether payments received by an employee under the terms of a supplemental unemployment compensation plan are to be included as wages in determining the employee's entitlement to extended unemployment compensation benefits—the issue is the same as those answered by the two formal opinions so that the answer must be the same. The payments are not wages as defined by Section 4(x), with reference to Section 4(u) of the Unemployment Compensation Law. We are persuaded to this conclusion not only by the formal opinions of the Attorney General of Pennsylvania but also by the decisions to the same effect by the courts of last resort of Maine and North Carolina, *Malloch v. Maine Employment Security Commission,* 159 Me. 105, 188 A.2d 892 (1963); *In re Shuler,* 255 N.C. 559, 122 S.E. 2nd 393 (1961).

The claimant's attacks upon the determination of the compensation authorities as causing a denial of equal protection of the laws and as depriving him of property without due process are founded upon the assumption that the supplemental unemployment compensation payments received by him were remuneration for his

services to his employer are unavailing because, as we have seen, the payments were not, under the law, remuneration for services.

Order affirmed.

ORDER

AND NOW, this 13th day of August, 1986, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.