636 A.2d 282

**Raymond W. MILLER, Jr., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 3, 1993.

Decided Dec. 30, 1993.

Raymond W. Miller, Jr., pro se.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before PALLADINO and FRIEDMAN, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Raymond Miller (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying his petition for unemployment benefits. We affirm.

The facts as found by the referee are as follows:

1. The claimant filed an application for benefits effective March 1, 1992 on which he was determined financially eligible at a rate of $256 per week.

2. The claimant filed a second application for benefits effective February 28, 1993.

3. During the period from March 1, 1992 through February 27, 1993, the claimant worked three days for Mansfield University and earned gross wages of $138.21.

4. The claimant had no other earnings during the period between the dates of his applications for benefits.

(July 26, 1993 decision and order of the Board.)

The Office of Employment Security (OES) denied benefits pursuant to Section 4(w)(2) of the Unemployment Com-

pensation Law (Law).[1] Both the referee and the Board affirmed the OES because, under Section 4(w)(2) of the Law, an individual must have worked and earned wages at an amount equal to or in excess of six times his weekly benefit rate during the preceding benefit year before his application for a second benefit year can be considered valid. *See Joyce v. Unemployment Compensation Board of Review*, 120 Pa.Commonwealth Ct. 247, 548 A.2d 387 (1988). At the hearing before the referee, Claimant admitted that he did not earn six times his weekly benefit rate during the preceding benefit year.

Claimant appeals to this Court[2] claiming a denial of due process below and asking that we carve out a judicial exception to Section 4(w)(2) of the Law in his case. Specifically, Claimant, who is proceeding pro se, argues that the referee erred in excluding as irrelevant nine exhibits, consisting of sixty pages, documenting Claimant's numerous earnest but unsuccessful attempts to locate employment.

The unambiguous language of Section 4(w)(2) of the Law states:

An application for benefits filed after the termination of a preceding benefit year by an individual *shall not* be considered a valid application for benefits within the meaning of this subsection, unless such individual has, subsequent to the beginning of such preceding benefit year and prior to the filing of such application, work and earned wages, ... in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year. (Emphasis added.)

■ Claimant's argument amounts to a request that this Court carve out an exception to the applicable law which

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 753(w)(2).

2. Our scope of review is limited to a determination of whether constitutional rights have been violated, whether an error of law has been committed and whether factual findings are necessary to support the adjudication and are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

would waive the earnings requirement if a claimant makes earnest attempts to locate employment but is unsuccessful through no fault of his own. In *Martin v. Unemployment Compensation Board of Review*, 502 Pa. 282, 466 A.2d 107 (1983), *cert. denied* 466 U.S. 952, 104 S.Ct. 2156, 80 L.Ed.2d 541 (1984), our Supreme Court held that the financial requirements for unemployment compensation benefits are constitutional. For this Court to carve out such an exception as the Claimant suggests would have the effect of waiving the clear and unambiguous requirement of Section 4(w)(2) of the Law for every claimant in a poor job market. This we will not do.

While it is axiomatic that Claimant is entitled to a fair hearing in accordance with due process before an administrative tribunal, this Court has held that if evidence is not relevant, it may be excluded. *Creason v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 441, 554 A.2d 177 (1989). We agree with the Board's position that Claimant's attempts to find work do not entitle him to a waiver of the requirements of Section 4(w)(2) of the Law and, therefore, any evidence to show Claimant made attempts to find work would not be relevant. Thus, the referee's exclusion of evidence that Claimant sought employment was proper and did not deny Claimant his right to due process.

Accordingly, we affirm.

## ORDER

AND NOW, this 30th day of December, 1993, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.