# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gino V. Magaro, : 
: 
            Petitioner : 
: 
        v. : No. 802 C.D. 2017
: Submitted: December 15, 2017
Unemployment Compensation : 
Board of Review, : 
: 
            Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED:  January 10, 2018**

      Gino V. Magaro (Claimant), *pro se*, petitions for review of the June 1, 2017 order of the Unemployment Compensation Board of Review (Board) affirming the April 25, 2017 decision and order of the Referee. The Referee concluded in the April 25, 2017 decision that Claimant had not made a valid application for unemployment benefits pursuant to Sections 401(c) and 4(w)(2) of the Unemployment Compensation Law[1] (Law). We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(c) and 753(w)(2). Section 401(c) of the Law provides that "Compensation shall be payable to any employe who is or becomes unemployed, and who--…(c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the department." 43 P.S. §§ 801(c). Section 4(w)(2) of the Law provides that:

> An application for benefits filed after the termination of a preceding benefit year by an individual shall not be considered a Valid Application for Benefits within the meaning of this subsection, unless such individual has, subsequent to the beginning of such preceding benefit year and prior to the filing of such application,

On March 20, 2016, Claimant was found eligible for weekly unemployment compensation benefits of $542. (R. Item 2, Initial Benefit Determination.) Upon expiration of the fifty-two week period constituting a claimant's benefit year, Claimant reapplied for benefits effective March 19, 2017 and, on March 22, 2017, the Department of Labor and Industry denied benefits pursuant to Section 4(w)(2) of the Law, 43 P.S. § 753(w)(2). (R. Item 3, Determination of Department of Labor and Industry.) Claimant appealed to the Referee and the Referee affirmed, modifying the determination to state that Claimant was also ineligible pursuant to Section 401(c) of the Law, 43 P.S. § 801(c). Claimant appealed to the Board.

The Board affirmed the Referee's decision and order. In addition to affirming the Referee's decision, the Board adopted and incorporated the Referee's findings of fact. Those findings are as follows:

1. The Claimant filed an Application for Unemployment Compensation Benefits effective March 19, 2017, which established a Weekly Benefit Rate in the amount of $561.

2. The Claimant was last employed by Value City Furniture as a Warehouse Manager from October 13, 1999 through March 16, 2016, when he was separated due to health issues.

3. The Claimant filed an Application for Benefits with an effective date of March 20, 2016, which established a Weekly Benefit Rate in the amount of $542.

worked and earned wages in "employment" as defined in this act in an amount equal to or in excess of six (6) times his weekly benefit rate in effect during such preceding benefit year.

43 P.S. § 753(w)(2).

2

4. The Claimant did not have any employment between the March 20, 2016 Unemployment Application and the March 19, 2017 Unemployment Application.

(Referee Decision, Findings of Fact (F.F.) ¶¶1-4.) Claimant appealed to this Court for review.[2]

Claimant argues that when he first applied for benefits his eligibility was based upon earnings from the fourth quarter of 2014 and the first three quarters of 2015, but that his earnings from the fourth quarter of 2015 and the first quarter of 2016 were not counted as a part of his Financial Determination for his first application for unemployment benefits. Therefore, Claimant contends that he should receive credit for his earnings during the fourth quarter of 2015 and the first quarter of 2016 in the form of renewed unemployment benefits.

The Board argues that Claimant has waived this argument by failing to make it below, where he instead argued that he has been under the care of a doctor and unemployed for reasons beyond his control. In addressing Claimant's argument nonetheless, the Board argues that Claimant's earnings during the fourth quarter of 2015 and the first quarter of 2016 are irrelevant because the Law requires Claimant to have earned six times his weekly benefit rate of $542 from work between March 20, 2016 and March 19, 2017 in order to receive additional unemployment benefits.

Under the Law, unemployment benefits shall be payable to an unemployed claimant who has within his base year been paid wages for employment. Section 401(a) of the Law, 43 P.S. § 801(a). The Law defines a "base year" as "the first four of the last five completed calendar quarters immediately

[2] In unemployment compensation appeals, this Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of facts are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Maskerines v. Unemployment Compensation Board of Review*, 13 A.2d 553, 555 n.3 (Pa. Cmwlth. 2011).

3

preceding the first day of an individual's benefit year."  Section 4(a) of the Law, 43 P.S. § 753(a).  The Law defines a "benefit year" as:

> The fifty-two consecutive week period beginning with the day as of which such "Valid Application for Benefits" is filed, and thereafter the fifty-two consecutive week period beginning with the day as of which such individual next files a "Valid Application for Benefits" after the termination of his last preceding benefit year.

43 P.S. § 753(b).  There is no dispute that in the year proceeding Claimant's March 19, 2017 application for unemployment benefits, he did not receive wages for employment.  *Compare Hargenrader v. Unemployment Compensation Board of Review*, 513 A.2d 1135, 1137 (Pa. Cmnwlth. 1986) (payments received under a supplemental unemployment compensation plan are not included as "wages" when determining the claimant's entitlement to extended unemployment compensation benefits).  As a result, the Department is correct that even if we conclude that Claimant did not waive his argument, Claimant cannot prevail on appeal.  *Miller v. Unemployment Compensation Board of Review*, 636 A.2d 282, 283 (Pa. Cmwlth. 1993); *Joyce v. Unemployment Compensation Board of Review*, 548 A.2d 387, 388 (Pa. Cmwlth. 1988).

    Accordingly, we affirm the order of the Board.

               _____
               **JAMES GARDNER COLINS, Senior Judge**

4

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Gino V. Magaro, :
:
Petitioner :
:
v. : No. 802 C.D. 2017
:
Unemployment Compensation :
Board of Review, :
:
Respondent :

# **O R D E R**

AND NOW this 10th day of January, 2018, the order of the Unemployment Compensation Review Board in the above-captioned matter is AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**