Ara Karamanian, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 7, 1979, before Judges BLATT, DI-SALLE and CRAIG, sitting as a panel of three.

*Lydio Kirkland,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, Assistant Attorney General, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE DISALLE, September 21, 1979:

Ara Karamanian (Claimant) has appealed the order of the Unemployment Compensation Board of

Review (Board) which affirmed a referee's determination that Claimant was financially ineligible to receive benefits since he had insufficient base year wages. Specifically, the Board found that payments Claimant received from his employer on account of his termination of employment did not constitute wages within the meaning of Section 4(x) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(x), and could not, therefore, be added to Claimant's base year wages for purposes of determining his eligibility.

Claimant became disabled on or about June 6, 1975, and did not work thereafter except for one day, July 28, 1975. Claimant received vacation pay from June 9, 1975, to June 20, 1975. He then received a salary continuation until August 25, 1975, in accordance with the employer's policy of continuing to pay salaried employees in the event of their disability. Claimant filed an application for benefits effective September 12, 1976, thereby establishing a base year of the second, third and fourth calendar quarters of 1975 and the first calendar quarter of 1976. The Board found that Claimant had highest quarterly wages of $3,507.00 and base year wages of $4,459.00, the latter amount being below the minimum required for eligibility set forth generally in Section 404 of the Law, 43 P.S. §804. In arriving at the base year wages of Claimant, the Board expressly excluded the amount of the salary continuation reasoning that it was a disability benefit within the meaning of Section 4(x)(2)(ii) of the Law, 43 P.S. §4(x)(2)(ii),[1] and not remuneration paid by the employer with respect to Claimant's employment.

---

[1] This Section pertinently provides as follows:

'Wages' means all remuneration . . . paid by an employer to an individual with respect to his employment except that

Claimant raises two issues on appeal. First, he maintains that the salary continuation constitutes wages within the scope of the Board's discussion of Section 4(x) in a prior decision, *Campbell v. Columbia Gas Company,* Board Decision No. B-117080. Second, Claimant argues that the exclusion of disability payments found in Section 4(x)(2)(ii) does not apply to a determination of a claimant's eligibility for benefits but, by its express terms, applies to the question of an employer's contribution to the benefit fund. *See supra* note 1.

Turning to Claimant's first contention, we believe Claimant's reliance on the *Campbell* decision is utterly misplaced and that a fair reading of that case will actually yield support for the Board's present action. In *Campbell,* the Board confronted, as it does here, the issue of whether salary continuation payments should be considered wages under Section 4(x) of the Law. Of critical significance there was the Board's factual determination that the payments the claimant received were made in consideration of his length of service with the employer and were, therefore, a form of remuneration for personal service, even though the services were performed prior to the payments being made. The Board then reasoned that since "wages" include remuneration paid by an employer to a claimant with respect to his "employment", Section 4(x), and since "employment" means all "personal services" performed for remuneration, Section 4(l)(1)

the term 'wages' for the purpose of paying contributions shall not include:

. . . .

(2) The amount of any payment made . . . to or on behalf of an individual or any of his dependents under a plan or system established by an employer who makes provision generally for individuals performing service for it . . . on account of . . . (ii) sickness or accident disability. . . .

of the Law, 43 P.S. §753(1)(1), the fact that a claimant received a payment in consideration of services performed necessarily rendered the payment wages under the Law.

In the present case, however, the Board specifically found that the salary continuation payments were made pursuant to the employer's policy of compensating disabled employes. The payments, therefore, were made on account of the disability and not, as the Claimant maintains, in consideration of any services which Claimant provided the employer. In reading Sections 4(1)(1) and 4(x) of the Law together, we believe the Board's interpretation regarding the definition of wages set forth in the *Campbell* decision is sound and, when applied to the facts of the present case, would support the Board's disposition of the matter.

We do note that the Board did not rely on the *Campbell* decision when it denied benefits to Claimant. Rather, it reasoned that disability benefits are expressly excluded from the definition of wages by Section 4(x)(2)(ii). At no point below did Claimant challenge the Board's reading of this section. Indeed, Claimant repeatedly acknowledged that if the payments he received were ultimately determined to be disability payments they would not constitute wages under the Law. His entire argument below went to the question of whether the payments were disability benefits. The Board's conclusion that the payments were disability benefits being supported by substantial evidence, we must affirm.

The Claimant's second contention, of course, concerns the issue of whether the Section 4(x)(2)(ii) exclusion applies to employe benefit eligibility or solely to employer contributions to the benefit fund. Not only was this issue never raised below, but, as noted in

the preceding paragraph, Claimant actually acknowledged that Section 4(x)(2)(ii) applied to employe benefit eligibility. Given this, and pursuant to well-established principles concerning the scope of appellate review, the issue will not be considered for the first time on appeal. *See* 2 Pa. C.S. §703(a); *see also* Pa. R.A.P. 1551(a).

### ORDER

AND Now, this 21st day of September, 1979, the order of the Unemployment Compensation Board of Review dated October 24, 1977, is hereby affirmed.