The Beistle Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1982, before President Judge CRUMLISH, JR. and Judges BLATT and DOYLE, sitting as a panel of three.

*Kenneth F. Lee,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, March 31, 1983:

This is an appeal by The Beistle Company from the decision and order of the Unemployment Compensa-

tion Board of Review (Board) which affirmed the decision of a referee granting partial unemployment compensation benefits to Malgram Jones, Jr. (Claimant). For the reasons which follow, the order of the Board is affirmed.

The facts are not in dispute. Claimant, who was employed as a machine operator for Beistle, had a regular work schedule of four, nine-hour shifts, Monday through Thursday. From December 21, 1979 through January 6, 1980, Claimant did not work. Claimant's absence during this period was the result of nine regular days off, three voluntary vacation days, three holidays[1] and two unexplained absences. Although he never actually reported for work, Claimant received gross pay of $138.86 for the week ending December 29, 1979. This pay included $55.25 for two voluntary vacation days and a production bonus of $83.66. Similarly, for the period ending January 5, 1980, Claimant received gross pay of $152.26 which included $27.60 for one voluntary vacation day and an annual bonus of $124.66. Claimant, whose regular gross pay was $124.20 per week, applied for partial unemployment compensation benefits for these two weeks. The referee's award of partial benefits was, in effect, based upon the decision to exclude these bonuses from consideration of Claimant's eligibility for the weeks in question. After the Board affirmed the referee's award, Beistle appealed to this Court. ·

Section 401 of the Unemployment Compensation Law (Law)[2] provides that compensation is payable to any employee who is or becomes unemployed. Section

---

[1] Beistle closed its plant on December 24th and 25th and January 1st. Employees with at least one year of service were paid for these holidays. Since Claimant had only been employed for about eight months, he received no compensation for these holidays.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended 43 P.S. §801.

4(u) of the Law, 43 P.S. §753(u), defines "unemployed" and provides, in pertinent part, that:

An individual shall be deemed unemployed . . . with respect to any week of less than his fulltime work if the remuneration paid or payable to him with respect to such week is less than his weekly rate plus his partial benefit credit.

The only issue presented here is whether the production bonus and the annual bonus were properly excluded from the calculations which determined Claimant's eligibility for partial benefits for the weeks ending December 29, 1979 and January 5, 1980. We conclude that the Board's application of the law in excluding these bonuses was correct.

The mere receipt of a payment during the same week that compensation benefits are sought is not enough to include that payment in the equation which will determine a claimant's eligibility for benefits. As set forth above, the test of Section 4(u) of the Act requires that payments be made *with respect to* such week that unemployment benefits are sought. As Judge MacPhail noted in *Hock v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 517, 522, 413 A.2d 444, 446-447 (1980):

Merely because the payments were made during the weeks at issue does not mean that they were made *with respect to* those weeks. The Unemployment Compensation Law does not define the term "remuneration." The standard judicial definition of the term, however, is "payment for services performed." Gianfelice Unemployment Compensation Case, 396 Pa. 545, 555, 153 A.2d 906, 911 (1959). The question, then, is when were the services performed for which Claimant received payment. (Emphasis in original.)

The production bonus, which was received during the week ending December 29, 1979 corresponds to

Beistle's production in November. The annual bonus, received during the week ending January 5, 1980, equals two percent of an employee's earnings in 1979. Clearly, although the bonuses were received during the weeks in question, they were not paid *with respect to those* weeks.

We therefore affirm the order of the Unemployment Compensation Board of Review.

ORDER

Now, March 31, 1983, the order of the Unemployment Compensation Board of Review, at number B-187847, dated September 16, 1980, is hereby affirmed.