James E. McAnallen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 13, 1984, to Judges MacPhail, Colins and Blatt, sitting as a panel of three.

*Frank J. Piatek,* for petitioner.

*Michael D. Alsher,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, November 9, 1984:

James E. McAnallen (claimant) appeals here an order of the Unemployment Compensation Board of Review (Board) affirming a referee's order which held that he was not financially eligible for benefits. The Board cited Section 404 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804.

The Board found that:

1. Claimant was last employed as a maintenance electrician by the U.S. Fabrication from December 16, 1974 at a final rate of $10.56 per hour and his last day of work was December 9, 1981.

2. The claimant filed an application for unemployment compensation benefits effective March 6, 1983 and established a base year period for wages of October 1, 1981 through September 30, 1982.

3. The claimant had earnings from United States Steel in the fourth quarter of 1981 of $5,657.00 and in the first quarter of 1982, earnings of $2,046.00 with no wages reported in the second and third quarters of 1982. His total wages were $7,703.00.

4. The claimant received sick and accident benefits from the employer from December 9, 1981 through February 25, 1982 of $1,900.65.

5. The claimant is also in the National Guard for the past five years and attends meetings one weekend per month and is paid $132.72 per month and attends two weeks summer camp once a year and is paid $658.06.

6. The wages as shown on the claimant's financial determination are correct and claimant is financially ineligible to receive unemployment compensation benefits on application dated March 6, 1983.

The Board, therefore, concluded that neither the sick and accident benefits nor the pay received by this claimant for his work in the National Guard could be considered wages for the purposes of computing his base year wages and that, consequently, he was not financially eligible to receive unemployment compensation benefits.[1] The present appeal ensued.

The only issue before us here is whether or not the Board erred as a matter of law when it failed to include the claimant's sick and accident benefits and National Guard pay in its calculation of his base year wages. And, of course, our scope of review includes all questions of law. *Hughes v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 448, 414 A.2d 757 (1980).

Section 4(x) of the Law[2] defines wages as "all remuneration . . . paid by an employer to an individual with respect to his employment. . . ." We believe, therefore, that the question here is further narrowed to whether or not these items can be considered remuneration "with respect to employment."

Section 1002 of the Law[3] provides that "for the purposes of this article the term 'employment' shall

---

[1] *See* Section 404(e) (1) of the Law, 43 P.S. §804(e) (1).

[2] 43 P.S. §753(x).

[3] 43 P.S. §892.

not include services performed by: . . . (8) Members of the State National Guard or Air National Guard." Clearly, therefore, the Board did not err in excluding the claimant's National Guard pay from its calculation of his base year wages.

As to the exclusion of the sick and accident benefits which the claimant received, we also hold that the Board committed no error. Section 4(1)(1) of the Law[4] defines employment as "all personal service performed for remuneration by an individual", and sick and accident benefits are not considered payment for personal services. *See Karamanian v. Unemployment Compensation Board of Review*, 46 Pa. Commonwealth Ct. 163, 405 A.2d 1364 (1979).

We must hold, therefore, that neither the National Guard pay nor the sick and accident benefits were paid "with respect to employment", and we will affirm the order of the Board.

#### ORDER

AND Now, this 9th day of November, 1984, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.

---

[4] 43 P.S. §753(1).