Russell L. Swackhammer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Hazel D. Ellenberger, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Cynthia Lynn Floravit, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 12, 1984, before Judges WIL-
LIAMS, JR., CRAIG and DOYLE, sitting as a panel of three.

*John R. Fernan, Cartwright, Fernan & Whitnew,*
for petitioners.

*Richard F. Faux,* Associate Counsel, with him,
*Charles G. Hasson,* Acting Deputy Chief Counsel, for
respondent.

OPINION BY JUDGE WILLIAMS, JR., December 5,
1984:

Russell L. Swackhammer, Hazel D. Ellenberger
and Cynthia Lynn Floravit (Claimants) appeal from
Unemployment Compensation Board of Review deci-
sions which affirmed a referee's determinations that
Claimants were financially ineligible for benefits un-
der Section 404 of the Unemployment Compensation
Law (Law).[1]

The sole question is whether workmen's compen-
sation benefit payments were improperly excluded

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897,
*as amended,* 43 P.S. §804.

from the calculation of base year wages for the purposes of determining Claimants' financial eligibility for unemployment compensation. To qualify for unemployment benefits, an eligible claimant must be attached to the labor force as determined by the amount of wages earned in a base year.[2]

Claimants had insufficient base year wages under Section 404, because the referee (as affirmed by the board) determined that Claimants' workmen's compensation benefit payments were not wages within the intendment of Section 4(x) of the Law,[3] and could not, therefore, be included in base year wages necessary for financial eligibility.

Section 4(x) defines "wages," in pertinent part, as including "all remuneration . . . paid by an employer to an individual with respect to his employment." Essential to the definition of "wages" as including all remuneration paid with respect to employment is the meaning of the terms "employment" and "remuneration." "Employment" means "all personal service performed for remuneration," Section 4(1)(1) of the Law,[4] and "remuneration," while not statutorily defined, has been judicially interpreted to mean "payment for services performed." *The Beistle Company v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 205, 207, 457 A.2d 1029, 1030 (1983) (citing *Gianfelice Unemployment Compensation Case,* 396 Pa. 545, 555, 153 A.2d 906, 911 (1959)). Consequently, the inclusion of work-

---

[2] Section 4(a) of the Law, 43 P.S. §753(a), defines "base year" as including the first four of the last five completed calendar quarters preceding the first day of a claimant's benefit year. The fifty-two consecutive week period, beginning with the day on which a benefit application is filed, constitutes a "benefit year." Section 4(b) of the Law, 43 P.S. §753(b).

[3] 43 P.S. §753(x).

[4] 43 P.S. §753(1)(1).

men's compensation benefits in base year qualifying wages requires that such payments be made in consideration of personal services performed by Claimants.

In *Karamanian v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 163, 405 A.2d 1364 (1979), employer provided salary continuation payments, which were made on account of a Claimant's disability, and, therefore, not in consideration of personal services performed, were held not to constitute wages under Section 4(x) of the Law. Workmen's compensation benefits are awarded whenever an employee sustains a totally or partially disabling work-related injury.[5] Since workmen's compensation payments were awarded to Claimants on account of their job-related disabilities, and not in consideration of personal services rendered, such payments are not wages within the purview of the Law. *Id.* The board, therefore, properly excluded workmen's compensation payments from the calculation of Claimants' base year qualifying wages.

We accordingly affirm the orders of the board.

### ORDER IN 309 C.D. 1983

AND Now, this 5th day of December, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-213558, dated January 12, 1983, is affirmed.

### ORDER IN 1025 C.D. 1983

AND Now, this 5th day of December, 1984, the order of the Unemployment Compensation Board of

---

[5] *See* Section 306(a) and (b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§511 and 512 (total and partial disability provisions, respectively).

Review at Decision No. B-216306, dated March 28, 1983, is affirmed.

ORDER IN 1212 C.D. 1983

AND Now, this 5th day of December, 1984, the order of the Unemployment Compensation Board of Review at Decision No. B-217765, dated May 3, 1983, is affirmed.