616 A.2d 736

William D. BABB, Sr., Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD
OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 4, 1992.

Decided Oct. 21, 1992.

John W. McDanel, for petitioner.

Lisa Jo Fanelli, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS and KELLEY, JJ., and LEDERER, Senior Judge.

COLINS, Judge.

William D. Babb, Sr. (Babb) appeals an order of the Unemployment Compensation Board of Review (Board) which affirmed the decision of the referee denying him unemployment compensation benefits.

Babb was employed by B & B Tree Services (B & B) as a chipper, brushman, and grounds crew man. B & B laid off Babb, and on October 6, 1991, he filed a claim for unemployment compensation benefits. The Office of Employment Security (OES), however, concluded that Babb was financially ineligible for unemployment compensation benefits. During Babb's base year,[1] he earned a total of $7,927 while employed by B & B, and he earned an additional $1,271 while employed by the Department of Transportation. But, because OES determined that B & B was owned by Babb's son, OES refused to include the $7,927 he earned while working for B & B in his base year wages. Babb's base year wages, therefore, were calculated by OES to be $1,271, an amount insufficient to qualify him for benefits.[2]

Babb appealed the determination of OES to an unemployment compensation referee, and, following a hearing, the referee determined that Babb did not have sufficient wages to financially qualify for benefits. The referee found as fact that B & B was owned by Babb's son and, for that reason, held

1. Section 4(a) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 753(a), defines "base year" as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." "Benefit year" is defined by Section 4(b) of the Law, 43 P.S. § 753(b), as "the fifty-two consecutive week period beginning with the day as of which such 'Valid Application for Benefits' is filed...."

2. Financial eligibility for benefits is determined by comparing the claimant's highest quarter earnings during his or her base year with the claimant's total base year earnings (base year wages). Section 404(e)(1) of the Law, 43 P.S. § 804(e)(1). In the present case, Babb's highest quarterly earnings were determined by OES to be $1,271; OES concluded that he earned no wages in any other quarter of his base year. Because Section 404(e)(1) requires a claimant with high quarter earnings of $1,271 to have minimum base year wages of $2,040 to qualify for benefits, OES determined that Babb was financially ineligible.

that under Section 4(*l*)(4)(5) of the Law, 43 P.S. § 753(*l*)(4)(5), none of the wages earned while Babb was employed by B & B could be included in his base year wages. Babb appealed to the Board, which affirmed the referee's decision. This appeal followed.

Section 4(*l*)(4)(5) provides:

The word 'employment' shall not include—

. . . .

(5) Service performed by an individual in the employ of his son, daughter, or spouse, and service performed by a child under the age of eighteen (18) in the employ of his father or mother.

Because an individual working for his or her child is not "employed" under this section of the Law, pay earned in such a situation cannot be calculated into the individual's base year wages. *See McAnallen v. Unemployment Compensation Board of Review*, 86 Pa.Commonwealth Ct. 77, 483 A.2d 1057 (1984) (claimant's income earned while working for the National Guard cannot be considered when calculating base year wages, since such work is excluded from the definition of employment by Section 1002 of the Law, 43 P.S. § 892).

Babb does not dispute the Board's determination that he was employed by his son who owned B & B. He contends that the Board erred in excluding his earnings from B & B when calculating his base year wages, because, despite the fact he worked for his son, he was a genuine employee. Babb argues that Section 4(*l*)(4)(5) of the Law was intended by the legislature to prevent individuals employed by family businesses from making sham unemployment compensation claims; therefore, because he was a bona fide employee of B & B, he did not violate the intent and spirit of this section. This contention is without merit. Section 4(*l*)(4)(5) explicitly excludes from the definition of employment individuals who work for their son or daughter. When the words of a statute are clear and free from ambiguity, as this one is, the letter of that statute cannot be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of

1972, 1 Pa.C.S. § 1921(b). Moreover, when a statute is unambiguous, we may not consider the legislature's intent when construing the statute. *Latella v. Unemployment Compensation Board of Review*, 74 Pa.Commonwealth Ct. 14, 459 A.2d 464 (1983). Therefore, we must conclude that the Board correctly determined that Babb, regardless of whether he was a genuine employee of B & B, was not employed for unemployment compensation purposes, and, thus, the Board properly excluded the income he earned while working for B & B from his base year wages.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 21st day of October, 1992, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.