**Appi ALLA, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 10, 2015.

Decided June 25, 2015.

Christi Wallace, Pittsburgh, for petitioner.

Janet M. Tarczy, Assistant Chief Counsel, Harrisburg, for respondent.

BEFORE: BONNIE BRIGANCE LEADBETTER, Judge, and RENÉE COHN JUBELIRER, Judge, and PATRICIA A. McCULLOUGH, Judge.

OPINION BY Judge PATRICIA A. McCULLOUGH.

Appi Alla (Claimant) petitions for review of the October 31, 2014 order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Claimant is ineligible for unemployment compensation benefits pursuant to sections 401(a) and 404 of the Unemployment Compensation Law (Law).[1] We affirm.

Claimant was employed by Edinboro University (Employer) as the Director of Campus Design and Construction from February 1991 until July 2013. Claimant filed an application for unemployment compensation benefits with an effective date of June 29, 2014, establishing a base year period of the first through fourth quarters of 2013.[2] During the base year, Claimant received wages from Employer in the amount of $17,462 in the first quarter; $22,555 in the second quarter; $20,985 in the third quarter; and $0 in the fourth quarter. Additionally, upon his separation from employment in the third quarter of 2013, Claimant received a payout of accrued sick, annual, and personal leave in the amount of $30,728. (Findings of Fact Nos. 1–4.)

The local service center determined that Claimant was financially ineligible for benefits because he did not receive at least 49.5% of his wages outside the calendar quarter in which he received his highest wages. The Notice of Determination sent to Claimant reflected that Claimant's highest earning quarter in his base year was the third quarter of 2013, in which Claimant received $51,713 in wages. Claimant appealed, and the case was assigned to a referee who held a hearing on September 2, 2014.

Claimant testified that the $51,713 figure does not accurately reflect the wages he earned during the third quarter of 2013. Claimant stated that he actually earned only $20,984.05 in the third quarter of 2013, and he explained that the $30,728 payout was for accrued vacation and sick leave that he earned over time, beginning in 1991. (Notes of Testimony (N.T.) at 4–6.)

The referee concluded that the $30,728 payout of accrued vacation and sick leave constitutes wages for unemployment purposes. Thus, the referee found that Claimant's wages for the third quarter amounted to $51,713 and that Claimant's total base year wages amounted to $91,731. The referee held that Claimant was finan-

---

**1.** Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §§ 801(a), 804.

**2.** "Base year" means the first four of the last five completed calendar quarters immediately preceding the first day of a claimant's benefit year; the "benefit year" is the fifty-two week period beginning the day the claimant's application for benefits is filed. Section 4 of the Law, 43 P.S. § 753.

cially ineligible for benefits pursuant to sections 401(a) and 404 of the Law.[3]

Claimant appealed to the Board, arguing that Employer erroneously reported sick and vacation pay that he earned from 1991 through 2013 as wages in the third quarter of 2013. Citing *Eljer Industries v. Workmen's Compensation Appeal Board (Johnson)*, 670 A.2d 203 (Pa.Cmwlth.1996), Claimant argued that such payments are to be prorated throughout the period when they are actually earned. Alternatively, Claimant argued that vacation pay should be excluded from wages altogether under *Pennsylvania Electric Co. v. Unemployment Compensation Review Board*, 73 Pa. Cmwlth. 258, 458 A.2d 626 (1983). Under either alternative proposed by Claimant, a calculation of his base year wages would not render him financially ineligible for benefits.

By order dated October 31, 2014, the Board affirmed the referee's decision, adopting and incorporating the referee's findings of fact and conclusions of law. The Board noted that the referee's decision was consistent with our holding in *Coates v. Unemployment Compensation Board of Review*, 676 A.2d 742 (Pa. Cmwlth.1996), that annual and sick leave payments which accrue to an employee in direct relation to the personal services ren-

---

**3.** In relevant part, section 404 of the Law states as follows:

Compensation shall be paid to each eligible employe in accordance with the following provisions of this section except that compensation payable with respect to weeks ending in benefit years which begin prior to the first day of January 1989 shall be paid on the basis of the provisions of this section in effect at the beginning of such benefit years.

(a)(1) The employe's weekly benefit rate shall be computed as (1) the amount appearing in Part B of the Table Specified for the Determination of Rate and Amount of Benefits on the line on which in Part A there appears his "highest quarterly wage," or (2) fifty per centum (50%) of his full-time weekly wage, whichever is greater. Notwithstanding any other provision of this act, if an employe's weekly benefit rate, as calculated under this paragraph, is less than seventy dollars ($70), he shall be ineligible to receive any amount of compensation. If the employe's weekly benefit rate is not a multiple of one dollar ($1), it shall be rounded to the next lower multiple of one dollar ($1).

(2) If the base year wages of an employe whose weekly benefit rate has been determined under clause (2) of paragraph (1) of this subsection are insufficient to qualify him under subsection (c) of this section, his weekly benefit rate shall be redetermined under clause (1) of paragraph (1) of this subsection.

If an employe's weekly benefit rate as determined under clause (1) of paragraph (1) of this subsection, or redetermined under paragraph (2) of this subsection, as the case may be, is less than the maximum weekly benefit rate and the employe's base year wages are insufficient to qualify him under subsection (c) of this section but are sufficient to qualify him for any one of the next two lower weekly benefit rates, his weekly benefit rate shall be redetermined at the highest of such next lower rates.

(b) The "highest quarterly wages" of an employe shall be the total wages (computed to the nearest dollar) which were paid to such employe in that calendar quarter in which such total wages were highest during the base year.

43 P.S. § 804(a), (b).

Section 401(a) of the Law states:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(a) Satisfies both of the following requirements:

(1) Has, within his base year, been paid wages for employment as required by section 404(c) of this act.

(2) Except as provided in section 404(a)(3), not less than forty-nine and one-half per centum (49.5%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year.

43 P.S. § 801(a). Section 401(a) is commonly known as the 49.5% rule.

dered with respect to his employment are properly considered "wages" under section 4(x) of the Law. Section 4(x) of the Law, 43 P.S. § 753(x), provides: " 'wages' means all remuneration ... paid by an employer to an individual with respect to his employment." Although not defined in the Law, "it is well established that remuneration is generally defined as payment for services performed." *Allegheny Ludlum Corp. v. Unemployment Compensation Board of Review,* 535 Pa. 125, 634 A.2d 587, 589 (1993).

On appeal to this Court,[4] Claimant renews his arguments that payment for his accrued sick, personal, and vacation leave should be prorated over the entire year in question under *Eljer Industries,* or should be excluded from that calculation altogether under *Pennsylvania Electric.*

However, as the Board correctly notes, *Eljer Industries* is a workers' compensation case, and the calculation of a claimant's weekly wage under workers' compensation law is completely different from the calculation of a claimant's base year wages for purposes of unemployment compensation law. *See Devine v. Unemployment Compensation Board of Review,* 101 A.3d 1235, 1239 (Pa.Cmwlth.2014) (finding "no reason why the Board should follow the markedly different measures for calculating workers' compensation benefits presented under ... the Workers' Compensation Act [5]. . . . Sections 401 and 404 of the

Law are explicit and leave no room for a more flexible, compassionate interpretation."). Accordingly, Claimant's reliance on *Eljer Industries* is misplaced.

The Board asserts that our decision in *Coates* is controlling, and we agree. In that case, Ulysses Coates (Coates) filed an application for unemployment benefits, establishing a base year of April 1, 1994, to March 31, 1995. In the early months of 1994, Coates was denied workers' compensation benefits and placed on leave status. During the second quarter of 1994, Coates received a lump sum payment from his employer of $26,024, representing payment for accrued annual and sick leave. The local job center denied Coates' application for benefits because he was not paid at least 20% of his wages outside the calendar quarter in which he had the highest wages, as was required at the time by section 401(a) of the Law.[6] Following a hearing, a referee determined that Coates' employer paid the accrued leave - in a lump sum, rather than bi-weekly, in an attempt to resolve a dispute with Coates, but should have paid his leave wages bi-weekly from April 1994 through March 1995, in accordance with its customary practice. The referee applied the Board's regulation at 34 Pa.Code § 61.3(a)(2) ("if payment of wages is delayed, the wages are considered paid on the date when the employer generally pays amounts definitely assignable to a payroll period") and concluded

---

**4.** Our scope of review is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Shrum v. Unemployment Compensation Board of Review,* 690 A.2d 796, 799 n. 3 (Pa.Cmwlth.1997).

**5.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, §§ 2501–2626.

**6.** At that time, section 401(a) provided that compensation was payable to an unemployed

employee who has, "within his base year, been paid wages for unemployment as required by Section 404(c) of this act: Provided, however, that not less than **twenty per centum (20%)** of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year."

Section 401(a) was amended by section 10 of the Act of June 12, 2012, P.L. 577, effective January 1, 2013, and now sets forth the 49.5% rule.

that the lump sum payment to Coates should be treated as though it was paid beginning on April 1, 1994, and continuing thereafter bi-weekly. Thus, the referee determined that Coates was not financially ineligible for benefits.

The employer appealed, and the Board reversed. Relying on *Pennsylvania Electric,* the Board determined that the lump sum payment of accrued annual and sick leave pay was specifically excluded from the definition of "wages" under section 4(x) of the Law. The Board also concluded that the lump sum payment was properly assigned to the second quarter of 1994, when it was demanded. Therefore, the Board held that Coates was financially ineligible for benefits under section 404 of the Law.

On further appeal in *Coates,* this Court expressly rejected the application of our holding in *Pennsylvania Electric* to determinations of financial eligibility under section 4(x) of the Law. The issue presented in *Pennsylvania Electric* was whether a claimant's receipt of vacation and sick pay following a period of employment rendered the claimant ineligible for benefits under *section 4(u)* of the Law.[7]

> [T]he decisions in *Pennsylvania Electric* and other cases involving Section 4(u) of the Law have no relevance to the present inquiry; an analysis of vacation and sick payments to a claimant for the purpose of determining his status as unemployed has no relevance to an analysis of

those payments for the purpose of determining the claimant's base year wages.

*Coates,* 676 A.2d at 745 (citing *Buss v. Unemployment Compensation Board of Review,* 487 Pa. 610, 410 A.2d 779 (1980)).[8]

Citing *Swackhammer v. Unemployment Compensation Board of Review,* 86 Pa. Cmwlth. 293, 484 A.2d 851, 853 (1984), and *Karamanian v. Unemployment Compensation Board of Review,* 46 Pa.Cmwlth. 163, 405 A.2d 1364, 1365 (1979), we distinguished payments made by an employer as a disability benefit from payments made by an employer in consideration of personal services rendered with respect to the claimant's employment. In doing so, we stated: "[c]learly, our role is to look beyond the label given to [the claimant's] accrued leave pay and examine its character. We conclude that the accrued sick and leave payments in this case are a form of remuneration." *Coates,* 676 A.2d at 746 n. 7.

Because we determined in *Coates* that the lump sum payment of accrued annual and sick leave was made in consideration for personal services rendered with respect to Coates' employment, we held that it was properly considered wages under section 4(x) of the Law. Further, we noted that the Board is bound by its regulation at 34 Pa.Code § 61.3(a), which, as applied in that case, meant that the lump sum payment to Coates was properly assigna-

---

**7.** While section 4(x) of the Law defines the term "wages," section 4(u) of the Law defines the term "unemployed":

> An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which remuneration is paid or payable to him and (ii) with respect to which no remuneration is paid or payable to him, or (II) with respect to any week of less than his full-time work if the remuneration paid or payable to him with respect to such week is

less than his weekly benefit rate plus his partial benefit credit.
43 P.S. § 753(u).

**8.** *See also United States Steel Corp. v. Unemployment Compensation Board of Review,* 83 Pa.Cmwlth. 465, 479 A.2d 16 (1984), and *Claypoole v. Unemployment Compensation Board of Review,* 66 Pa.Cmwlth. 363, 444 A.2d 828 (1982), distinguishing the determination of a claimant's status as unemployed from a determination of a claimant's base year wages.

ble to the period from April 1994 through March 1995, in accordance with the employer's general practice. Accordingly, we reversed the Board's decision.

As in *Coates*, the date of payment of Claimant's accrued leave is governed by the regulation at 34 Pa.Code § 61.3(a), which states as follows:

> § 61.3. Wages
>
> (a) *Date of payment.*
>
> (1) *General rule*—Wages are considered paid on the date when the employer actually pays them.
>
> (2) *Delayed payment of wages*— For purposes of benefits, if payment of wages is delayed, the wages are considered paid on the date when the employer generally pays amounts definitely assignable to a payroll period.

34 Pa.Code § 61.3(a).

On appeal, Claimant makes no reference to § 61.3(a). Further, Claimant does not distinguish or otherwise address our holding in *Coates*. Notably, Claimant does not contend that Employer's payout of his accrued sick, annual, and personal leave upon his separation from employment deviated from Employer's customary practice. Under these circumstances, Claimant has not established an exception to the general rule set forth in § 61.3(a)(1).

It is a claimant's burden to prove that he is financially eligible for unemployment benefits. *Devine*, 101 A.3d at 1237; *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 26 (Pa. Cmwlth.2012). To be financially eligible for benefits, a claimant must satisfy the earnings requirements of sections 401 and 404 of the Law for his base year. 43 P.S. §§ 801(a), 804.

Claimant received a payout of accrued sick, annual, and personal leave upon his separation in the third quarter of 2013 in the amount of $30,728. This payment was properly characterized as wages, *Coates*, and, absent evidence that Employer generally makes accrued leave payments in a different manner, it was properly included in the quarter in which it was paid by Employer to calculate Claimant's base year wages. *Id.*; 34 Pa.Code § 61.3(a). As a result, Claimant did not earn at least 49.5% of his earnings outside his highest quarter for the qualifying base year.[9] Thus, Claimant is financially ineligible for unemployment compensation benefits under sections 401(a) and 404 of the Law.

Accordingly, the decision of the Board is affirmed.

### *ORDER*

AND NOW, this 25th day of June, 2015, the order of the Unemployment Compensation Board of Review, dated October 31, 2014, is affirmed.

---

9. Claimant's wages for the third quarter were $51,713. Total base year wages amounted to $91,731. The difference, representing the amount earned outside of Claimant's highest quarter, is $40,018, which equates to 43.6 percent of total base year earnings and renders Claimant financially ineligible under the 49.5% rule.