# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc Nanni, : 
               Petitioner : 
                : 
        v. : No. 449 C.D. 2016
            : Submitted: October 14, 2016
Unemployment Compensation : 
Board of Review, : 
            Respondent :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE JULIA R. HEARTHWAY, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON[1]**          **FILED: July 14, 2017**

      Marc Nanni (Claimant), representing himself, petitions for review from an order of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation (UC) benefits because he did not satisfy the financial eligibility requirements of Section 404 of the Unemployment Compensation Law (Law).[2]  Claimant contends the Board erred in deeming him financially ineligible when the Board did not establish the accuracy of his base year earnings.  He also argues the Board should have considered the circumstances that led to his insufficient earnings, specifically, that he believed he would be rehired.  In addition, he asserts the determination should not stand because the hearing notice listed the wrong employer.  Discerning no error below, we are constrained to affirm.

---

[1] This case was reassigned to the author on May 19, 2017.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §804.

# I. Background

Claimant worked for the Computer Information Network (Employer) until his layoff in December 2014, with a rehire date of June 1, 2015. One week prior to his rehire date, Employer informed Claimant the company was sold, and work would not be available.

Claimant filed an application for UC benefits with the local service center in November 2015. He then received a Notice of Financial Determination from the Department of Labor and Industry (Department) stating he was not financially eligible. The notice reflected his base year wages by quarter as follows: $6,705 in the 3rd quarter of 2014; $6,302 in the 4th quarter of 2014; $0 in the 1st quarter of 2015; and, $0 in the 2nd quarter of 2015. Claimant appealed.

A referee held a hearing at which Claimant testified regarding his earnings. Employer did not appear.

The referee concluded Claimant was financially ineligible under Section 404 of the Law. For his November 2015 UC claim, Claimant's base year consisted of the last two quarters in 2014, and the first two quarters in 2015. The referee found Claimant had no quarterly earnings in 2015, and his total base year wages equaled $13,007. The referee concluded Claimant did not earn sufficient base year wages for financial eligibility. Claimant appealed to the Board.

In his appeal to the Board, Claimant cited errors with his reported wages in the third quarter of 2013, related to a prior UC claim. Based on prior errors, he asserted his reported wages for the current UC claim may also contain errors. Certified Record (C.R.) at Item No. 9.

2

The Board made its own findings and conclusions. Like the referee, the Board found Claimant's total base year wages were $13,007. Bd. Op., 2/26/16, Finding of Fact (F.F.) No. 6. It found he earned $6,705 in the third quarter of 2014, and $6,302 in the fourth quarter of 2014. F.F. Nos. 2-4. The Board also found Claimant agreed with the reported wages. F.F. No. 7. In addition, it found that when Claimant was laid off on December 5, 2014, Employer advised him he would be recalled to work on June 1, 2015. F.F. No. 8. Thus, Claimant expected to return to work. However, Employer advised Claimant in late May 2015 that work was no longer available because the business was being sold. F.F. Nos. 11-12.

Ultimately, the Board concluded Claimant did not meet financial eligibility criteria. Specifically, it explained Claimant needed at least $13,193 in base year wages using the two-step down provision.[3] Claimant's total base year wages fell $186 short of the qualifying amount.

Claimant filed a petition for review to this Court.[4]

## II. Discussion

On appeal, Claimant argues his eligibility should depend on factors other than his reported wages. Claimant contends Employer's late notice about the impending sale of its business deprived him of the opportunity to earn additional

---

[3] Although the table provided Claimant needed to earn $13,292 in his base year for eligibility, a claimant may still qualify for benefits if his base year wages are sufficient to qualify under the next two lower figures on the table. 43 P.S. §804(a)(3).

[4] Our review of the Board's decision on financial eligibility is limited to determining whether necessary findings of fact are supported by substantial evidence, whether the adjudication is in accordance with the law, and whether constitutional rights were violated. Devine v. Unemployment Comp. Bd. of Review, 101 A.3d 1235 (Pa. Cmwlth. 2014).

wages in the time he awaited rehire. He asserts if he knew about Employer's closing, he would have found other employment to meet the financial eligibility criteria.

As to his reported wages, Claimant asserts the quarterly earnings in 2014, and "total base year wages are in question due to errors made in the past by the [Board]." Pet'r's Am. Br. at 5. He did not identify any errors in the current amounts. Instead, he argued the Board failed to produce evidence establishing the accuracy of his quarterly earnings in 2014.

He challenges the Board's findings that he was laid off or that he was sitting home expecting his job back. See F.F. Nos. 8-9. Significantly, Claimant acknowledges he is $186 short of the amount for the base year wages cut-off.

It is a claimant's burden to prove his financial eligibility for benefits. Pagliei v. Unemployment Comp. Bd. of Review, 37 A.3d 24 (Pa. Cmwlth. 2012). As the burdened party, a claimant must meet both his burden of production and his burden of persuasion in order to prevail on his UC claim. Kirkwood v. Unemployment Comp. Bd. of Review, 525 A.2d 841 (Pa. Cmwlth. 1987).

A claimant's UC benefit is calculated based upon wages earned during his base year. "Base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law, 43 P.S. §753(a).

To qualify as financially eligible, a claimant must satisfy the earnings requirements of both Sections 401 and 404 of the Law. 43 P.S. §§801(a), 804; Alla v. Unemployment Comp. Bd. of Review, 119 A.3d 434 (Pa. Cmwlth. 2015). Under Section 401(a) of the Law, compensation is payable to any employee who becomes unemployed and whose base year wages comport with Section 404 of the Law. Under Section 404(a) of the Law, a claimant's qualifying wage is determined by the highest quarterly wage during the relevant base year.

A claimant's financial eligibility is then determined by reference to a table set forth in Section 404(e) of the Law, 43 P.S. §804(e). Dorn v. Unemployment Comp. Bd. of Review, 866 A.2d 497 (Pa. Cmwlth. 2005). A claimant must have earned base year wages "equal to or in excess of" the amount of qualifying wages corresponding to the weekly benefit rate set forth in the table. Section 404(c) of the Law, 43 P.S. §804(c).

There is no dispute that, mathematically, based on the reported wages, Claimant is not financially eligible. Using his highest quarterly wages of $6,705, Claimant needed to earn at least $13,193 in total base year wages. Bd. Op. at 2. His wage reports show he earned $13,007. F.F. No. 6.

Critically, Claimant did not contest the amount of wages reported for the relevant quarters in 2014 and 2015. During the hearing, Claimant acknowledged the wage records were correct. Specifically, he confirmed he had "wages in the second half of 2014, [and] none in the first half of 2015." Referee's Hr'g, Notes of Testimony (N.T.), 1/6/16, at 2.

Further, Claimant did not identify any other wages he earned during the relevant period. He also did not submit any paystubs or other proof showing any errors in the reported wages for the third or fourth quarters of 2014.

Claimant's uncounseled brief reveals his misapprehension of the burden of proof. He repeatedly argues the Board bore the burden to prove the accuracy of the reported wages. Claimant bore the burden of production and persuasion. Pagliei. Because Claimant did not submit any evidence substantiating additional earnings to include in his base year wages, he did not meet his burden.

Claimant's only basis for challenging the accuracy of the reported wages was an error the Department made in calculating wages for an earlier UC claim, when it reported zero wages for the third quarter of 2013. That error does not impugn the accuracy of the wages reported for the last two quarters of 2014. Thus, Claimant provides no basis for disregarding the reported wages here.

Additionally, Claimant argues he should not be faulted with missing financial eligibility when he relied on Employer's intended rehire. While this argument may be persuasive in an equitable proceeding, we are constrained to apply the financial eligibility criteria based on the unambiguous terms of the Law. Briglia v. Unemployment Comp. Bd. of Review, 452 A.2d 900, 901 (Pa. Cmwlth. 1982) (citing 1 Pa. C.S. §1921(b)); see also Mitcheltree v. Unemployment Comp. Bd. of Review, 635 A.2d 701 (Pa. Cmwlth. 1993) (that employer misled claimant offered no exception from compliance).

6

This Court applies financial eligibility criteria strictly even when the claimant missed the eligibility criteria by a *de minimis* amount. Dep't of Labor & Indus. v. Unemployment Comp. Bd. of Review, 530 A.2d 129 (Pa. Cmwlth. 1987) (claimant missed eligibility requirement by $0.04); Grossinger v. Unemployment Comp. Bd. of Review, 485 A.2d 80 (Pa. Cmwlth. 1984) (claimant missed wage requirement by $2.00). "Although we recognize the remedial purposes of the [Law] and have great sympathy for a claimant who misses eligibility by such a close margin," we apply the Law as written. Dep't of Labor & Indus., 530 A.2d at 131.

Here, Claimant missed the base year earnings requirement by $186. Thus, notwithstanding the harsh result, Claimant did not meet eligibility criteria.

We also discern no merit in Claimant's contention that misidentifying the employer on the hearing notice affected the eligibility determination. Cf. Pa. Turnpike Comm'n v. Unemployment Comp. Bd. of Review, 991 A.2d 971 (Pa. Cmwlth. 2009) (hearing notice allows employer to challenge wage information). Claimant did not indicate he had any additional earnings with another employer. The amount of earnings in each quarter, not the proper attribution of their source, is relevant to financial eligibility. N.T. at 6.

7

### III. Conclusion

Here, the record evidence supports the Board's findings which, in turn, support the Board's determination that Claimant failed to meet financial eligibility requirements. Accordingly, we must affirm the Board's order.

_____
ROBERT SIMPSON, Judge

Judge Cosgrove dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marc Nanni,                                    :
                 Petitioner       :
                                           :
         v.                            :       No. 449 C.D. 2016
                                           :
Unemployment Compensation                      :
Board of Review,                               :
            Respondent       :

## **O R D E R**

**AND NOW**, this 14th day July, 2017, the order of the Unemployment Compensation Board of Review is hereby **AFFIRMED**.


_____
ROBERT SIMPSON, Judge