Wendi LOGAN, Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted Oct. 10, 2014.

Decided Nov. 10, 2014.

Wendi Logan, petitioner, pro se.

Gerard M. Mackarevich, Harrisburg, for respondent.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Wendi Logan (Claimant) petitions for review, *pro se*, of the March 11, 2014, order of the Unemployment Compensation Board of Review (UCBR) reversing a referee's decision and concluding that Claimant is financially ineligible for unemployment compensation (UC) benefits. We affirm.

Claimant began working for The Gap, Inc., (Employer) in 1999. Claimant suffered a work-related injury in June 2009 but continued to work. Employer's store permanently closed in December 2009, and Claimant applied for UC benefits pursuant to the Unemployment Compensation Law (UC Law).[1] The Department of Labor and Industry (Department) issued a determination concluding that Claimant was financially eligible for UC benefits. In calculating Claimant's financial eligibility, Department determined that Claimant's base year wages included wages from the third and fourth quarters of 2008 and the first two quarters of 2009. Claimant collected UC benefits for a brief period,[2] underwent surgery for her work-related injury, and started receiving workers' compensation (WC) benefits pursuant to the Workers' Compensation Act (WC Act).[3] (Findings of Fact, Nos. 1–5.)

After recovering from her WC injury, Claimant filed an application for UC benefits on December 16, 2012. On December 24, 2012, Department issued a notice of financial determination concluding that Claimant was financially ineligible for UC benefits because she earned insufficient base-year wages. Thereafter, based on a letter from Claimant and further investigation, Department vacated its December 24, 2012, determination. (*Id.*, Nos. 6–9.)

On February 12, 2013, Department issued a subsequent notice of financial determination concluding that Claimant was financially ineligible for UC benefits under section 204(b) of the WC Act, 77 P.S. § 71(b). Department used as a base year quarters from April 1, 2008, through March 31, 2009. This time period represented the four complete calendar quarters immediately preceding Claimant's June 2009 work injury. Department determined that except for $7,155 in wages attributable to the second quarter of 2008, the wages in the other three quarters had been used in a previous UC eligibility determination and could not be used a second time. (Findings of Fact, Nos. 10–11.)

Claimant appealed, and a referee conducted a hearing at which only Claimant appeared and testified. The referee issued a decision reversing Department's determination and concluding that Claimant was financially eligible for UC benefits. Department appealed to the UCBR, which reversed and concluded that Claimant was financially ineligible for UC benefits under sections 401 and 404 of the UC Law, 43 P.S. §§ 801 and 804, due to insufficient base-year wages. In addition, the UCBR concluded that Claimant was ineligible for UC benefits under section 204(b) of the WC Act. Claimant petitioned this court for review.[4]

---

1. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §§ 751–914.

2. Claimant states that she received UC benefits for 21 days. (Claimant's Br. at 7.)

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708.

Claimant argues that the UCBR erred in concluding that she is financially ineligible for UC benefits. We disagree.

■ A claimant has the burden of proving financial eligibility for UC benefits. *Pagliei v. Unemployment Compensation Board of Review*, 37 A.3d 24, 26 (Pa. Cmwlth.2012). Section 401(a) of the UC Law, 43 P.S. § 801(a), provides that UC benefits shall be payable to an unemployed claimant who "[h]as, within his base year, been paid wages for employment as required by section 404(c) of [the UC Law]." "Wages" are defined in section 4(x) of the UC Law, 43 P.S. § 753(x), as "all remuneration . . . paid by an employer to an individual with respect to his employment. . . ." A "base year" is defined in section 4(a) of the UC Law, 43 P.S. § 753(a), as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(d) of the UC Law, 43 P.S. § 753(d), defines a "calendar quarter" as "the period of three consecutive calendar months ending on March thirty-first, June thirtieth, September thirtieth or December thirty-first. . . ."

■ Here, after recovering from her work-related injury, Claimant applied for UC benefits effective December 16, 2012. Thus, in accordance with section 4(a) of the UC Law, Claimant's base year was July 1, 2011, until June 30, 2012. During that time, however, Claimant did not receive "wages," as defined in section 4(x) of the UC Law. Rather, Claimant was receiving WC benefits, which are not wages. *See Swackhammer v. Unemployment Compensation Board of Review*, 86 Pa.Cmwlth. 293, 484 A.2d 851, 853 (1984) (stating that

"[s]ince [WC] payments were awarded to [c]laimants on account of their job-related disabilities, and not in consideration of personal services rendered, such payments are not wages within the purview of the [UC] Law."). Thus, because Claimant did not have sufficient "wages," the UCBR did not err in determining that Claimant is financially ineligible for UC benefits under section 401(a) of the UC Law.

Although Claimant is financially ineligible under section 401(a) of the UC Law, section 204(b) of the WC Act, 77 P.S. § 71(b), permits an alternative base year analysis as follows:

> For the exclusive purpose of determining eligibility for compensation under the [UC Law], any employe who does not meet the monetary and credit week requirements under section 401(a) of the [UC Law] due to a work-related injury compensable under this [WC A]ct may elect to have his base year consist of the four complete calendar quarters immediately preceding the date of the work-related injury.

Claimant's work-related injury occurred in June 2009. The four complete quarters immediately preceding the date of the work-related injury include the time from April 1, 2008, through March 31, 2009. However, Department utilized the wages in three of those four quarters when it determined Claimant's eligibility for UC benefits pursuant to her December 27, 2009, application. (R. Item No. 2.) Those wages cannot be used again to calculate Claimant's eligibility in this subsequent application for UC benefits. *See Lewis v. Unemployment Compensation Board of Review*, 71 Pa.Cmwlth. 412, 454 A.2d 1191, 1193 (1983) (stating that the legislature did not intend for a claimant to utilize the

---

4. Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether

necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

same quarter's wages twice when determining financial eligibility).

 Claimant asserts, however, that she had wages in the third and fourth quarters of 2009 that can be used to determine her UC eligibility. (Claimant's Br. at 9.) We observe that section 204(b) of the WC Act references the four complete calendar quarters immediately preceding the work injury. Claimant's work injury occurred in June 2009. Thus, although Claimant had wages during the third and fourth quarters of 2009, those calendar quarters were not completed immediately preceding her work-related injury and, therefore cannot be utilized in the calculation under section 204(b) of the WC Act.

The UCBR correctly determined that Claimant is financially ineligible for UC benefits. Accordingly, we affirm.

*ORDER*

AND NOW, this 10th day of November, 2014, we hereby affirm the March 11, 2014, order of the Unemployment Compensation Board of Review.