IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael J. Neal, | : | Cases Consolidated |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | Nos. 435 C.D. 2023 |
| Unemployment Compensation | : | 436 C.D. 2023 |
| Board of Review, | : | 437 C.D. 2023 |
| Respondent | : | Submitted: June 6, 2024 |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE LORI A. DUMAS, Judge
HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: July 8, 2024


Michael J. Neal (Claimant) petitions *pro se* for review of three separate orders of the Unemployment Compensation Board of Review (Board) mailed February 10, 2023 (collectively, the Board Orders),[1] which affirmed three corresponding Referee's Decisions dated February 23, 2022 (collectively, the Referee's Decisions).[2] The Referee's Decisions affirmed the Department of Labor and Industry's (Department) November 2, 2021 Notices of Determination finding Claimant ineligible for Pandemic Unemployment Assistance (PUA) benefits pursuant to Section 2102(a)(3) of the Coronavirus Aid, Relief, and Economic

---

[1] The Board Orders are Board Docket Nos. 2022001739-BR, 2022001746-BR, and 2022001747-BR, and concern the Referee's Decisions at Department of Labor and Industry Referee Docket Nos. 2022001941-AT, 2022001738-AT, and 2021051498-AT, respectively. This Court consolidated these matters by order exited June 27, 2023.

[2] The same Appeals Referee issued all three Referee's Decisions.

Security Act of 2020 (CARES Act),[3] 15 U.S.C. § 9021(a)(3); denied Federal Pandemic Unemployment Compensation (FPUC) benefits;[4] and assessed non-fraud overpayments of each in the respective amounts of $7,306 and $10,200 (collectively, the Department Determinations). Upon review, we affirm.

Prior to applying for benefits, Claimant had been a self-employed handyman from September 2017 through September 16, 2019, at which time Claimant ceased performing handyman services to care for his wife. *See* Referee's Decisions at 2, Findings of Fact (F.F.) Nos. 2 & 3.[5] Claimant initially applied for PUA benefits with an application effective February 2, 2020. *See* Referee's Decisions at 2, F.F. No. 1. Claimant received PUA benefits totaling $7,306 for the weeks ending February 8, 2020, through August 1, 2020. *See* Referee's Decisions at 2, F.F. No. 4. Claimant also applied for and received $10,200 in FPUC benefits for the weeks ending April 4, 2020, through July 25, 2020. *See* Referee's Decisions at 2, F.F. No. 5. However, on November 2, 2021, the Department issued the Department Determinations finding that Claimant was ineligible for benefits because he was not attached to the labor market during the weeks at issue; the Department then denied Claimant benefits for the weeks at issue and issued non-

---

[3] 15 U.S.C. §§ 9001-9034.

[4] Under the CARES Act, FPUC benefits were additional benefits available for specified weeks to any individual eligible for other forms of benefits, including normal unemployment compensation benefits, extended benefits, or federal benefits, including PUA benefits. *See* Section 2104 of the CARES Act, 15 U.S.C. § 9023.

[5] The Board adopted and incorporated the Referee's Findings of Fact and Conclusions of Law in each of the Board Orders. *See* Board Orders at 1. The Findings of Fact are identical in all three of the Referee's Decisions. *See* Referee's Decisions at 3.

fraud PUA and FPUC overpayments in the amounts noted above. *See* Referee's Decisions at 2, F.F. Nos. 6-7.

Claimant appealed the Department Determinations and a Referee conducted a hearing on February 15, 2022, which Claimant attended. *See* Referee's Decisions at 1 & 2. On November 1, 2021, the Referee issued three separate decisions affirming the Department Determinations. *See* Referee's Decisions. Each of the Referee's Decisions explained the Referee's reasoning for affirming the Department Determinations as follows:

> Here, [] Claimant testified to being self-employed but voluntarily removing himself from the labor market to care for his spouse. The Referee finds [] Claimant is not realistically attached to the labor market. Therefore, [] Claimant is ineligible for PUA benefits in accordance with Section 2102(a)(3) of the CARES Act[].
>
> . . . .
>
> Since [] Claimant is ineligible for the PUA benefits that were received, an overpayment must be established. There is no evidence to show that [] Claimant committed fraud to obtain PUA benefits. As such, the Referee concludes that [] Claimant did not engage in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2102(h) of the CARES Act[].
>
> . . . .
>
> Since [] Claimant is ineligible for the PUA benefits for the weeks at issue, [] Claimant is ineligible for FPUC benefits for the claim weeks at issue under Section 2104 of the CARES Act[].
>
> . . . .

3

> Since [] Claimant is ineligible for the FPUC benefits that were received, an overpayment must be established. There is no evidence to show that [] Claimant committed fraud to obtain FPUC benefits. As such, the Referee concludes that [] Claimant did not engage in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2104(f)(2), and (3) of the CARES Act.

Referee's Decisions at 3-5.

Claimant timely appealed the Referee's Decisions to the Board, which affirmed the Referee's Decisions on February 10, 2023. *See* Board Orders at 1-2. In each case, the Board entered the following ruling:

> The [] Board, after considering the entire record in this matter, concludes that the determination made by the Referee [] is proper under the CARES Act . . . . Therefore, the Board adopts and incorporates the Referee's findings and conclusions.
>
> The Board agrees with the Referee that [C]laimant was not attached to the labor market from September of 2019 onwards, due to stopping his self-employment due to taking care of his wife. Because this separation from employment occurred prior to the COVID-19 pandemic, and was not COVID-related, he is not eligible for PUA benefits. . . .
>
> Accordingly, the Board enters the following ORDER:
>
> The decision of the Referee is affirmed. [C]laimant is not eligible for PUA. He has non[-]fraud overpayments of $7,306 (PUA) and $10,200 (FPUC).

4

Board Orders at 1-2. Claimant now petitions this Court for review of that decision.[6]

On appeal, Claimant contends that the Board erred by determining that he was ineligible for PUA benefits under the CARES Act and by imposing non-fraud overpayments for PUA and FPUC benefits received. *See* Claimant's Br. at 4, 6-7. Claimant argues that he was involved with the labor market through his handyman business during the weeks in question and that he was only removed from the labor market by the occurrence of the COVID-19 pandemic. *See* Claimant's Br. at 7. Claimant is not entitled to relief.[7]

"A claimant has the burden of proving financial eligibility for [unemployment compensation] benefits." *Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). The CARES Act allows for PUA benefits to be provided to any "covered individual" while such individual is unemployed or unable to work due to COVID-19, during the weeks in which the individual is not entitled to any other unemployment compensation. 15 U.S.C. § 9021(a)(5). A "covered individual" is one who "is not eligible for regular compensation or

---

[6] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *See* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *see also Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

[7] We acknowledge the Board's assertion that Claimant has waived his arguments on appeal by virtue of failing to address the basis articulated by the Board for its ineligibility determination. *See* Board's Br. at 5-7. We further acknowledge that Claimant's failure to fully develop his eligibility argument and support the same with citation to the record and relevant legal authority puts him at risk of waiver. *See Ruiz v. Unemployment Comp. Bd. of Rev.*, 911 A.2d 600, 605 n.5 (Pa. Cmwlth. 2006) ("When issues are not properly raised and developed in a brief, or when the brief is inadequate or defective because an issue is not adequately developed, this Court will not consider the merits of the issue."); *see also* Pa.R.A.P. 2119(a). Nevertheless, because we may discern the argument Claimant attempts to raise, we decline to find waiver in this matter.

extended benefits under State or Federal law or pandemic emergency unemployment compensation." 15 U.S.C. § 9021(a)(3)(A)(i).[8]  Section 2102(a)(3) of the CARES

---

[8] Specifically, Section 2102(a)(3) of the CARES Act defines a "covered individual" as follows:

**(3) Covered individual**

The term "covered individual"—

**(A)** means an individual who—

**(i)** is not eligible for regular compensation or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title, including an individual who has exhausted all rights to regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation under section 9025 of this title;

**(ii)** provides self-certification that the individual—

**(I)** is otherwise able to work and available for work within the meaning of applicable State law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because—

**(aa)** the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis;

**(bb)** a member of the individual's household has been diagnosed with COVID-19;

**(cc)** the individual is providing care for a family member or a member of the individual's household who has been diagnosed with COVID-19;

**(dd)** a child or other person in the household for which the individual has primary caregiving

6

responsibility is unable to attend school or another facility that is closed as a direct result of the COVID-19 public health emergency and such school or facility care is required for the individual to work;

**(ee)** the individual is unable to reach the place of employment because of a quarantine imposed as a direct result of the COVID-19 public health emergency;

**(ff)** the individual is unable to reach the place of employment because the individual has been advised by a health care provider to self-quarantine due to concerns related to COVID-19;

**(gg)** the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a direct result of the COVID-19 public health emergency;

**(hh)** the individual has become the breadwinner or major support for a household because the head of the household has died as a direct result of COVID-19;

**(ii)** the individual has to quit his or her job as a direct result of COVID-19;

**(jj)** the individual's place of employment is closed as a direct result of the COVID-19 public health emergency; or

**(kk)** the individual meets any additional criteria established by the Secretary for unemployment assistance under this section; or

**(II)** is self-employed, is seeking part-time employment, does not have sufficient work history, or otherwise would not qualify for regular unemployment or extended benefits under State or Federal law or pandemic emergency unemployment compensation

Act requires a claimant to prove that he is unemployed, partially unemployed, or unable or unavailable to work as a result of an enumerated COVID-19-related reason. *See* Section 2102(a)(3) of the CARES Act, 15 U.S.C. § 9021(a)(3) (defining "covered individual" under the CARES Act).

At the hearing in this matter, Claimant testified that he last worked on September 16, 2019. *See* Notes of Testimony, February 15, 2022 (N.T.) at 3 & 5. While he expressed that his fear of contraction and the effects of COVID-19 prevented him from accepting work throughout 2020, Claimant explained that his

---

under section 9025 of this title, and meets the requirements of subclause (I); and

**(iii)** provides documentation to substantiate employment or self-employment or the planned commencement of employment or self-employment not later than 21 days after the later of the date on which the individual submits an application for pandemic unemployment assistance under this section or the date on which an individual is directed by the State Agency to submit such documentation in accordance with section 625.6(e) of title 20, Code of Federal Regulations, or any successor thereto, except that such deadline may be extended if the individual has shown good cause under applicable State law for failing to submit such documentation; and

**(B)** does not include—

**(i)** an individual who has the ability to telework with pay; or

**(ii)** an individual who is receiving paid sick leave or other paid leave benefits, regardless of whether the individual meets a qualification described in items (aa) through (kk) of subparagraph (A)(i)(I).

15 U.S.C. § 9021(a)(3).

wife's medical issues and treatment appointments required his attention and prevented him from working from the end of 2019 through mid-2020. *See* N.T. at 3 & 5-6. This testimony established that, upon the onset and declaration of the COVID-19 pandemic, Claimant had already removed himself from the labor force for the purpose of caring for his ailing wife. This evidence sufficed to allow the Referee and the Board to determine that Claimant was, in fact, not attached to the labor market at the onset of the COVID-19 pandemic. Accordingly, we find no error in the Board's determination that Claimant was ineligible for PUA benefits, and thus FPUC benefits, under the CARES Act, which ineligibilities required the establishment of overpayments for the amounts received for each.

Further, Claimant's continued payment of business insurance and maintenance of his handyman business's tools, equipment, and business license during the period in question[9] do not qualify Claimant as a "covered individual" under the CARES Act. As discussed *supra*, under the CARES Act, a "covered individual" must be able to work and be unemployed or prevented from working by virtue of a COVID-19-related reason. *See* 15 U.S.C. § 9021(a)(3). Here, as discussed above, Claimant testified that he had ceased taking jobs as a handyman to care for his wife in the latter stages of 2019, before the COVID-19 pandemic had been declared. Additionally, a general fear or concern of exposure to or contraction of COVID-19 is not a COVID-19-related reason listed in the CARES Act. *See* 15 U.S.C. § 9021(a)(3)(A)(ii)(I). The maintenance of the necessaries to recommence his handyman business when his personal situation changed or he was otherwise ready did not entitle Claimant to PUA and FPUC benefits during the periods he received those benefits.

---

[9] *See* Claimant's Br. at 7.

9

For the above reasons, the Board Orders are affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Michael J. Neal, | : | Cases Consolidated |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | Nos. 435 C.D. 2023 |
| Unemployment Compensation | : | 436 C.D. 2023 |
| Board of Review, | : | 437 C.D. 2023 |
| Respondent | : | |

# **O R D E R**

AND NOW, this 8th day of July, 2024, the orders of the Unemployment Compensation Board of Review (Board) at Board Docket Nos. 2022001739-BR, 2022001746-BR, and 2022001747-BR, mailed February 10, 2023, are AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge