IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russel A. Rineer,                                    :
                            Petitioner               :
                                                     :
                v.                                   :
                                                     :
Unemployment Compensation                            :
Board of Review,                                     :    No. 877 C.D. 2024
                            Respondent               :    Submitted: October 9, 2025

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: November 18, 2025


          Russel A. Rineer (Claimant) petitions *pro se* for review of the order of
the Unemployment Compensation Board of Review (Board) mailed June 12, 2024
(Board Order), which affirmed a referee's decision dated June 10, 2023 (Referee's
Decision). The Referee's Decision affirmed the Department of Labor and Industry's
(Department) June 1, 2023 Pandemic Unemployment Disqualifying Determination
(Department Determination) that denied Claimant's claim for Pandemic
Unemployment Assistance (PUA) benefits pursuant to Section 2102(a)(3)(A)(ii)(I)
of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act),[1]
15 U.S.C. § 9021(a)(3)(A)(ii)(I). Upon review, we affirm.

---

[1] 15 U.S.C. §§ 9001-9034.

## I. Background

On March 28, 2023, Claimant filed with the Department a PUA claim with an effective date of March 26, 2023. *See* Claim Application Information, Certified Record (C.R.) at 3. On June 1, 2023, the Department issued the Department Determination, which denied Claimant PUA benefits effective May 9, 2021, through September 4, 2021, pursuant to Section 2102(a)(3)(A)(ii)(I) of the CARES Act. *See* Department Determination, C.R. at 23-32. Claimant appealed the Department Determination. *See* Claimant's Appeal from Department Determination, C.R. at 34-37; *see also* Certification of Documents for PUA, C.R. at 39-40; Acknowledgement of PUA Appeal to Referee, C.R. at 42-45.

On July 7, 2023, a referee held a hearing on Claimant's appeal. *See* Referee's Decision at 1, C.R. at 97; *see also* Transcript of Testimony, July 7, 2023 (Transcript), C.R. at 60-95. The referee thereafter determined that Claimant was not attached to the work force in 2020 or 2021 and so affirmed the Department Determination that denied Claimant PUA benefits. *See* Referee's Decision at 3-4, C.R. at 99-100. Claimant appealed to the Board, which affirmed the Referee's Decision on June 12, 2024. *See* Claimant's Appeal from Referee's Decision, C.R. at 107-15; *see also* Acknowledgement of PUA Appeal to Board of Review, C.R. at 117-20; Board Order at 2, C.R. at 123. Claimant petitioned this Court for review.[2]

## II. Issues

On appeal, Claimant contends that the Board erred by determining that he was ineligible for PUA benefits under the CARES Act. *See* Claimant's Br. at 4-

---

[2] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *See Johns v. Unemployment Comp. Bd. of Rev.*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014).

7.[3]  To the extent his arguments are discernible,[4] Claimant argues:  that he was eligible for PUA benefits because jobs he had scheduled to work were cancelled; that the Board erred by approving and then denying PUA benefits; and that, after the referee's hearing, he was prevented from presenting new evidence of workforce participation and should have been afforded a further hearing to present such evidence.  *See* Claimant's Br. at 5-7.

### III.  Analysis

Initially, we note that

the Board, not the referee, is the ultimate fact finding body and arbiter of credibility in UC cases.  Questions of

---

[3] Claimant states the questions involved in this appeal as follows:

I.  Due process violation.  The [Board] did not address why [Claimant] was approved and then denied Pennsylvania Unemployment Assistance.

II.  Procedural due process violation.  [Claimant] was denied the right to present new evidence, refuting the appeal referee's decision to deny Pennsylvania Unemployment Assistance.

III.  Violating provision of contract law under Sec. 2102[.]

Claimant's Br. at 4.  The Board restated the issue presented as follows:

Because Claimant stopped working in 2019, was he not attached to the labor market or unemployed due to an enumerated COVID reason when he applied for PUA benefits in 2021?

Board's Br. at 1.

[4] While Claimant's *pro se* brief contains unorthodox and sparsely written claims not contained to the "Argument" portion of his brief, we discern Claimant's arguments by combining the points discussed in the "Statement of the Case" and "Summary of the Argument" portions of his brief in addition to those from the "Argument" section.  *See* Claimant's Br. at 4-7.

credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review. The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief. We are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings.

*Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 1224, 1227-28 (Pa. Cmwlth. 2017) (internal citations, quotations, and brackets omitted).

"A claimant has the burden of proving financial eligibility for [unemployment compensation] benefits." *Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). Section 2102(a)(3) of the CARES Act defines covered individuals eligible for PUA benefits, in pertinent part, as follows:

The term "covered individual"--

(A) means an individual who--

. . . .

    (ii) provides self-certification that the individual--

        (I) is otherwise able to work and available for work within the meaning of applicable [s]tate law, except the individual is unemployed, partially unemployed, or unable or unavailable to work because [of reasons related to COVID-19, including:]

        . . . .

            (gg) *the individual was scheduled to commence employment and does not have a job or is unable to reach the job as a*

4

*direct result of the COVID-19 public*
*health emergency*[.]

15 U.S.C. § 9021(a)(3)(A)(ii)(gg) (emphasis provided). Thus, claimants who are not attached to the labor force at the time they file for benefits are not eligible to receive PUA benefits. *See* 15 U.S.C. § 9021(a)(3)(A)(ii)(gg); *see also Burrell v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., Nos. 1390-96 C.D. 2022, filed September 25, 2024)[5] (holding a claimant not eligible for PUA benefits where the claimant, at the time of the onset of the pandemic, had not worked since 2009, who was looking for work, but who was not employed and had not secured employment that fell through as a result of the pandemic); *Daly v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., Nos. 104-07 C.D. 2023, filed July 11, 2024) (holding that a claimant who offered no evidence of wages or employment at the time of the submissions of a PUA application was not eligible for PUA benefits).

Here, Claimant testified at the referee's hearing that he was self-employed as a subcontracted window installer prior to the pandemic. *See* Transcript at 3, C.R. at 63. Claimant explained that he never received PUA benefits, despite having been told by Department personnel that he was approved. *See* Transcript at 5-6, C.R. at 65-66. He stated that he had been working when the pandemic hit, but that no one wanted windows installed during the pandemic. *See* Transcript at 6, C.R. at 66. Claimant explained that he did not find employment after the pandemic, and that he is now retired. *See* Transcript at 6, C.R. at 66. Claimant stated that he had no Internal Revenue Service Form 1099s after 2019. *See* Transcript at 6, C.R. at 66.

---

[5] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court issued after January 15, 2008, may be cited for their persuasive value.

Claimant also explained that he did not work in 2020, but lived instead on monies received from rental properties and by cashing in an Individual Retirement Account (IRA). *See* Transcript at 6, C.R. at 66. Claimant further explained that he had no W-2 employment from January 2020 through the declaration of the pandemic in March 2020. *See* Transcript at 6, C.R. at 66.[6] Tax documentation admitted into the record verified Claimant's testimony that his income after 2019 consisted solely of

---

[6] Specifically, Claimant testified as follows:

[Claimant]: I just retired recently.

[Referee]: Okay

[Claimant]: If you see there on my 2020 tax return, I cashed in my IRA. I had to cash it in to live off of.

[Referee]: Okay. Understood.

[Claimant]: You can see where I didn't do any more work. I have no 1099s after 2019.

[Referee]: Okay. And did you work in 2020?

[Claimant]: No.

[Referee]: Okay.

[Claimant]: I have a rental property, so I collected money from that.

[Referee]: Okay.

[Claimant]: I lived off that and I cashed in my IRA, but I have never worked since.

Transcript at 6, C.R. at 66.

passive rental income and funds from the cashed in IRA. *See* C.R. at 74-77, 81-82, 84, 86 & 88.

Based on Claimant's testimony and the documentation entered into the record, the referee made the following findings of fact:

> 1. In 2019, [C]laimant was self-employed as an installer of windows in 2019.
>
> 2. [C]laimant had no employment or self-employment in 2020.
>
> 3. In 2020, [C]laimant's only source of income was an [IRA] and passive income from a rental property.

Referee's Decision at 2, C.R. at 98. Ultimately, based on these facts, the referee concluded: "In the present case, [C]laimant's self-employment ceased in 2019. In 2020, [C]laimant had no attachment to the workforce and received income only through passive means. Because [C]laimant was not attached to the workforce in 2020 and 2021, [C]laimant must be denied [PUA] benefits." Referee's Decision at 3, C.R. at 99.

The Board affirmed the Referee's Decision. *See* Board Order at 2, C.R. at 123. Specifically, the Board found:[7]

> In this case, [C]laimant testified that he last worked in 2019, and at no point thereafter. [C]laimant testified that he did not work between January 2020 and the onset of the COVID-19 pandemic in March 2020 [C]laimant stated that he has not been seeking work, as he is retired. [C]laimant testified that his self-employment ceased in

---

[7] The Board also adopted and incorporated the referee's findings of fact and conclusions of law into the Board Order. *See* Board Order at 2, C.R. at 123.

2019 and all income after that time was derived from income from his rental property, and funds from a retirement account. Thereafter, [C]laimant had no attachment to the workforce and received income only through passive means.

Board Order at 1, C.R. at 122.

We discern no error in the Board's conclusion that Claimant was ineligible for PUA benefits. The evidence adduced at the referee's hearing in this matter – including Claimant's own testimony – illustrated that Claimant had not worked since 2019 and was not working in March of 2020. Therefore, Claimant was not unemployed for a COVID-19 reason when he applied for PUA benefits. The evidence was insufficient to meet Claimant's burden of demonstrating that he was attached to the labor market at the onset of the COVID-19 pandemic or at the time he applied for PUA benefits.

Additionally, to the extent Claimant argues that the Board committed due process violations because Claimant was told that he was approved for PUA benefits and then denied PUA benefits, and/or based on a delay in the Department issuing a determination on his PUA application, he is not entitled to relief. *See* Claimant's Br. at 4-7. "Our decisional law is well settled that the essential elements of due process in an administrative proceeding are notice and the opportunity to be heard." *Raczkowski v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1551 C.D. 2018, filed July 17, 2019), slip op. at 12 (quoting *McFadden v. Unemployment Comp. Bd. of Rev.*, 806 A.2d 955 (Pa. Cmwlth. 2002)). Here, the referee conducted a full hearing that Claimant attended and during which Claimant had the opportunity to be heard and present evidence illustrating his entitlement to PUA benefits. Thus, to the extent they are developed, Claimant's due process claims lack merit.

8

Claimant is also not entitled to relief on his purported procedural due process claim in which he alleges he was denied a hearing to present new evidence – to wit, Schedule Cs from Claimant's 2020 and 2021 tax return. *See* Claimant's Br. at 5. We observe that,

> [t]o warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

*Kensington Lighting v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 274 C.D. 2009, filed Sept. 28, 2009), slip op. at 5 (quoting *Commonwealth v. Dennis,* 715 A.2d 404, 415 (Pa. 1998)). Claimant makes no allegation that the information from his 2020 and 2021 tax returns was not available at the time of the referee's hearing in July 2023, and such a claim would be contrary to the fact that certain portions of Claimant's 2020 tax returns were, in fact, admitted into the record at that hearing.

## IV. Conclusion

For the above reasons, we affirm the Board Order.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Russel A. Rineer, : 
                Petitioner : 
                 : 
                 : 
         v. : 
                 : 
Unemployment Compensation : 
Board of Review, :   No. 877 C.D. 2024
              Respondent : 

# **O R D E R**

AND NOW, this 18th day of November, 2025, the order of the Unemployment Compensation Board of Review mailed June 12, 2024, is AFFIRMED.

 

_____
CHRISTINE FIZZANO CANNON, Judge