IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Najat Rhouli,                              :
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :     No. 1174 C.D. 2024
                        Respondent          :     Submitted: December 8, 2025

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                      FILED: January 7, 2026


            Najat Rhouli (Rhouli) petitions for review from the August 6, 2024, order of the Unemployment Compensation (UC) Board of Review (Board). The Board's order affirmed in part and reversed in part the May 25, 2023, determination by a referee that Rhouli was not eligible for Pandemic Unemployment Assistance (PUA) benefits from May 2020 through September 2021. Upon review, we affirm.

## I. Factual and Procedural Background

            On May 3, 2020, Rhouli filed a claim for PUA benefits.[1] Certified Record (C.R.) at 3-10. She asserted that she worked through March 10, 2020, for

_____

[1] PUA provided up to 79 weeks of benefits to qualifying individuals who were otherwise able to work and available for work within the meaning of applicable state law, except that they were unemployed, partially unemployed, or unable or unavailable to work due to COVID-19 related reasons, as defined in the Coronavirus Aid, Relief, and Economic Security Act of 2020

the Center of Universal Divinity church as a food preparer and became unemployed because of the COVID-19 pandemic. *Id*. at 5-6 & 9. Subsequently, she was asked to provide documentation to verify her employment/self-employment status during the relevant time period; suggested documentation included paystubs, receipts, tax records, and letters from employers or affidavits from "persons verifying [the claimant's] self-employment (with name and contact information)." *Id*. at 18-19. She provided a January 12, 2021, letter[2] from the church pastor, who stated that Rhouli worked for the church as an independent contractor in food service in 2019 and through the beginning of 2020, but that the pandemic forced the church to close in early 2020 "throughout the remainder half of the year, and still yet to full[y] reopen." *Id*. at 15.

On March 29, 2023, the UC Service Center issued a determination that Rhouli did not qualify for PUA benefits because she had not established that she was "a totally or partially unemployed worker or self-employed individual due to COVID-19 related reasons." C.R. at 25. Rhouli appealed, stating that she was eligible for benefits because the pastor's January 2021 letter explained her payment arrangements with the church and that the pandemic closed the church in March 2020. *Id*. at 36-37. Relevant to this matter, Rhouli's initial appeal focused on her eligibility and did not state when the church reopened or the duration of time for which she sought benefits. *Id*. A telephonic hearing was scheduled for May 22, 2023. The hearing notice advised that any documentation a party believed necessary to the case was to be provided to the referee prior to the hearing; the notice also

---

(CARES) Act, 15 U.S.C. §§ 9001-9141. *See* 15 U.S.C. § 9021; *see also Pham v. Unemployment Comp. Bd. of Rev.*, 339 A.3d 1047, 1048 n.2 (Pa. Cmwlth. 2025).

[2] The letter is dated January 12, 2020, but this appears to have been a typographical error as the substance pertains to pandemic-related events that occurred later in 2020.

advised in multiple languages, including Arabic,[3] that if a party needed assistance with the notice, the UC Service Center "will interpret this document free of charge." *Id*. at 51 & 59.

Rhouli testified with the aid of an interpreter. She began working for the church as a food preparer in October 2019 and was paid $150 in cash per week. C.R. at 71-72. That work stopped in April 2020 after the pandemic shut down the church and she tested positive for COVID-19. *Id*. at 73-74. She resumed working for the church in April 2022. *Id*. at 75. When the referee asked Rhouli why she had not provided receipts of the church's payments to her as requested on the written hearing notice, Rhouli maintained that she had not been told she had to provide documentation and that she relied on the pastor's January 2021 letter. *Id*. at 72-73.

The pastor also testified; he stated that the church closed entirely at the beginning of the pandemic in March 2020, then partially reopened later that year, but not for food service. C.R. at 76-77. He confirmed that he sent the January 2021 letter on Rhouli's behalf and agreed to provide the referee with church records documenting Rhouli's pay arrangements. *Id*. In that regard, the record includes a 1099 form for 2020 stating that the church paid Rhouli $1,253.17, but no similar documentation for 2021. *Id*. at 80.

On May 25, 2023, the referee issued a decision and order. C.R. at 93. The referee concluded that Rhouli failed to provide sufficient documentation of her eligibility for PUA benefits and that her testimony was insufficiently credible to establish eligibility. *Id*. at 96. In her appeal to the Board, Rhouli pointed out the 1099 showing that she received $1,253.17 from the church for food service work during 2020. *Id*. at 104-05. Like her initial appeal, Rhouli's appeal to the Board did

---

[3] Rhouli's son, who speaks English, advised at the beginning of the hearing that Rhouli speaks a Moroccan Arabic dialect. C.R. at 65.

3

not state when the church reopened or the duration of time for which she sought benefits.

On August 6, 2024, the Board issued a decision and order. C.R. at 121-23. The Board concluded that Rhouli had established eligibility for PUA benefits from her May 2020 application date through the end of 2020 and reversed the referee's order to that extent; the Board also concluded that Rhouli was not eligible for benefits after the end of December 2020. *Id*. at 122-23.

Rhouli timely appealed to this Court via a *pro se* mailing,[4] to which she attached an August 14, 2024, letter from the pastor who testified at the hearing. The letter stated that the church's food services department did not reopen until November 2021 and asked for Rhouli to receive benefits through then. *Id*. Subsequently, Board counsel filed an application to strike the pastor's August 2024 letter as outside the Board's certified record. Rhouli did not respond to the Board's application. In a *per curiam* memorandum opinion, this Court granted the application and advised that the pastor's August 2024 letter would not be considered in this appeal. Memorandum Opinion, Feb. 3, 2025.

## II. Issues

Rhouli asserts that this Court should have accepted and considered the pastor's August 2024 letter and that the Board should have awarded her PUA benefits through September 24, 2021, because the church's food services department

---

[4] Rhouli subsequently filed a petition for review that cured her initial improper filing. Petition for Review, Sept. 3, 2024.

where she worked before the pandemic remained closed through November 2021.[5] Petition for Review; Rhouli's Br. at 2-3.

### III. Discussion

### A. Extra-Record Evidence

A *pro se* litigant is subject to the same procedural rules as a represented litigant; evidence not supplied to or considered by the referee or Board is not part of the record and "cannot be considered by this Court." *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1063-64 (Pa. Cmwlth. 2023). Failure to show compliance or an effort to substantially comply with the rules will not support a due process claim. *Id.* An appellate court may consider only evidence that has been certified in the administrative record, and "for purposes of appellate review, that which is not part of the certified record does not exist." *Id.* "[I]t is the responsibility of the [petitioner] to supply this Court with a complete record for purposes of review." *Id.* In our February 3, 2025, memorandum opinion granting the Board's application to strike, we cited this rule.

In her brief, Rhouli does not deny that her pastor's August 2024 letter, which she appended to her *pro se* appeal to this Court, is not part of the certified record. Rhouli's Br. at 2-3. Rather, she avers that the letter was a "clarification" of "misstatements about [Rhouli's] work timeline" and that its exclusion deprived her of a full and fair opportunity to prove her case for benefits extending beyond the

---

[5] The significance of September 24, 2021, the last date when Rhouli's petition for review asserts eligibility for PUA benefits, is unclear. While the referee and Board decisions indicated that the last benefit week at issue ended on September 4, 2021, Rhouli testified at the hearing that she did not return to work for the church until April 2022. Dating from Rhouli's May 3, 2020, application, the maximum 79 weeks of PUA she could have received would have ended on or about November 7, 2021.

Board's award through the end of 2020 and into the fall of 2021, when the church's food services department reopened. *Id.*

We disagree. Prior to the initial determination, Rhouli was asked via written notice to provide supporting documentation for the relevant time period. C.R. at 18. After her initial appeal, she was advised in the formal hearing notice to provide the referee in advance with any necessary documents; the notice stated in Arabic that it could be interpreted for her free of charge. *Id.* at 50 & 59. She appeared for the hearing, so she cannot claim she did not receive the notice, but the record does not reflect that she provided additional documentation as requested or sought more information beforehand in order to ensure a complete record. Moreover, the pastor's August 2024 letter was not merely a clarification. It provided new information that was not mentioned in his testimony or January 2021 letter, specifically that the church's food services department did not reopen until November 2021. However, this evidence was not supplied to or considered by the referee or Board, is not part of the certified record on appeal, and "cannot be considered by this Court." *Kozicki*, 299 A.3d at 1064.

## B. Eligibility for PUA Benefits

"A claimant has the burden of proving financial eligibility for [PUA] benefits."[6] *Logan v. Unemployment Comp. Bd. of Rev.*, 103 A.3d 451, 453 (Pa. Cmwlth. 2014). The CARES Act allows PUA benefits for any "covered individual" who was unemployed or unable to work due to COVID-19 and during the weeks in

---

[6] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055, 1058 n.2 (Pa. Cmwlth. 2023).

which the individual was not entitled to any other unemployment compensation. *Neal v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 435 C.D. 2023, filed July 8, 2024), slip op. at 5, 2024 WL 3320437, at *3 (unreported) (citing 15 U.S.C. § 9021(a)(5)).[7]  The claimant must prove that she is unemployed, partially unemployed, or unable or unavailable to work due to an enumerated COVID-19-related reason.  *Id.*, slip op. at 8, 2024 WL 3320437, at *3 (citing 15 U.S.C. § 9021(a)(3)).  These reasons include that the "the individual has been diagnosed with COVID-19 or is experiencing symptoms of COVID-19 and seeking a medical diagnosis" and that "the individual's place of employment is closed as a direct result of the COVID-19 public health emergency."  15 U.S.C. § 9021(a)(3)(A)(ii)(I)(aa), (jj).

The claimant must establish eligibility for PUA benefits for each claimed week.  *See* 15 U.S.C. § 9021(c)(6); *see also* 15 U.S.C. § 9021(a)(3)(A)(iii) (supporting documentation required within 21 days of application for PUA benefits or as directed by the UC Service Center).  Failure to provide the required documentation renders an applicant ineligible for PUA benefits. *Torres v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 529 C.D. 2024, filed May 15, 2025), slip op. at 6, 2025 WL 1409552, at *3 (unreported); *Clark v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 853 C.D. 2023, filed Sept. 3, 2024), slip op. at 6 (citing 15 U.S.C. § 9021(a)(3)(A)(iii)) (unreported).  Tax records have been accepted as proof in this context.  *See Kozicki*, 299 A.3d at 1064.  Also, the UC Service Center notice sent to Rhouli asking for documentation listed payment

---

[7] Under Section 414(a) of this Court's Internal Operating Procedures, we may cite an unreported memorandum decision of this Court, issued after January 15, 2008, for its persuasive value.  210 Pa. Code § 69.414(a).

receipts and letters or affidavits from employers or others with knowledge of the claimant's employment or self-employment status. C.R. at 18.

In UC cases, the Board's findings of fact must be supported by substantial evidence, which is defined as relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *Cambria Cnty. Transit Auth. ("CamTran") v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019). The Board's findings are conclusive on appeal so long as the record, when viewed in its entirety, contains substantial evidence to support the findings. *Id*. The Board is the ultimate fact finder and is entitled to make its own determinations as to witness credibility and evidentiary weight. *Id*. In reviewing a Board decision, this Court may not "reweigh the evidence or substitute its own findings for those made by the Board." *Id*.

Here, the referee awarded Rhouli no PUA benefits at all, finding her testimony and documentation "not credible and lacking merit" to establish her eligibility. C.R. at 96. The Board, however, credited the testimony of Rhouli and the church pastor to the extent that she worked for the church as an independent contractor through April 2020 when she contracted COVID-19 and the church closed due to the pandemic. *Id*. at 122-23. The Board pointed out the pastor's January 2021 letter stating that the church was closed from the beginning of the pandemic in early 2020 "throughout the remainder of the year." *Id*. at 123. The Board noted, however, that at the May 2023 hearing, neither Rhouli nor the pastor testified "to when the church food department reopened." *Id*. As such, the Board reversed the referee's outright denial and awarded Rhouli PUA benefits through the week ending December 26, 2020, but concluded that Rhouli was "ineligible thereafter." *Id*.

8

Relying on the church pastor's August 14, 2024, letter, Rhouli asks this Court to reverse the Board's determination that she was ineligible for benefits after December 26, 2020, and remand to the Board for "reconsideration with the full record, including the excluded evidence." Rhouli's Br. at 2-3. The Board, which did not appeal the award of benefits through December 26, 2020, responds that while Rhouli established eligibility through that date, she did not establish eligibility for benefits thereafter, given the lack of record evidence or testimony that Employer's food services department was still closed in 2021. Board's Br. at 8-11.

Regarding 2020, the record includes Rhouli's testimony that she could not work for the church after April 2020 because it closed due to the pandemic and she tested positive for COVID-19. C.R. at 73-74. The pastor confirmed that the church closed at the beginning of the pandemic in March 2020, then partially reopened later that year but not for food service. *Id*. at 76-77. The pastor's January 2021 letter confirmed that food service did not reopen in 2020. *Id*. at 15. Rhouli's tax records reflected her testimony regarding the weekly payments she received from the church during early 2020 before the pandemic closure. *Id*. at 80. As such, substantial record evidence supports the Board's award to Rhouli of PUA benefits through the end of 2020.

Nonetheless, the Board properly denied Rhouli PUA benefits for 2021. As discussed above, the church pastor's August 14, 2024, letter was never part of the certified record and cannot be considered by this Court. Notably, while this matter was still before the referee or even the Board and the record was still open, Rhouli could have presented the August 2024 letter's otherwise relevant information that the food service department did not reopen from the pandemic until November 2021. Neither her initial appeal from the UC Service Center determination nor her

9

appeal to the Board specified that she sought to establish eligibility into 2021. The pastor's January 2021 letter stated only that the church was "still yet to fully reopen" but did not state whether the food services department was open or closed at that time. C.R. at 15. Further, at the May 2023 hearing, which occurred long after the food services department allegedly reopened in November 2021, neither Rhouli nor the pastor testified to that effect. Rhouli stated only that she returned to work for the church in April 2022. The pastor, given an opportunity by the referee to supplement the record after the hearing, provided additional records that pertained only to 2020. He did not provide information or a statement regarding the closure of the food services department through November 2021 until his August 2024 letter, well after when that information could have been considered by either the referee or the Board. As such, there was no substantial record evidence to support PUA benefits after the end of December 2020, and the Board did not err in determining Rhouli did not establish eligibility for such benefits in 2021.

## IV. Conclusion

In light of the above, the Board's August 6, 2024, order will be affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Najat Rhouli,                         :
                Petitioner         :
                             :
        v.                    :
                             :
Unemployment Compensation    :
Board of Review,             :    No. 1174 C.D. 2024
               Respondent    :

# **O R D E R**

AND NOW, this 7th day of January, 2026, the August 6, 2024, order of the Unemployment Compensation Board of Review is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge